### STATE OF IOWA v. S. A. CAMPBELL, Appellant.

**Intoxicating liquors:** CROSS-EXAMINATION OF DEFENDANT. On a prosecution for the illegal sale of liquor the cross-examination of defendant respecting the bringing of a civil suit for injuries resulting from such sales and of the settlement of the same, was improper, because not referred to in the direct examination and because it did not appear that the settlement was effected by defendant.

**Evidence:** ADMISSIONS. The compromise settlement of a suit for the purpose of avoiding litigation is not an admission of the truth of the facts on which the claim is based which is receivable in evidence.

*Appeal from Mills District Court.*— HON. N. W. MACY, Judge.

WEDNESDAY, DECEMBER 13, 1905.

THE defendant was convicted of having maintained a liquor nuisance, and appeals.— *Reversed.*

*A. E. Cook,* for appellant.

*Chas. W. Mullan,* Attorney General, and *Lawrence De Graff,* Assistant Attorney General, for the State.

LADD, J.— The evidence introduced by the state tended to show that the accused had sold whisky at his office in bottles to different persons, including one Main. The defendant denied having sold to some, and testified that the liquors were dispensed to others as patients actually sick and under his treatment as a licensed physician. See section 2401, Code. On cross-examination he remembered that Main had had his leg broken, and was then asked whether " his wife demanded of you money for the injury sustained while intoxicated upon intoxicants purchased of

you in June, 1904 ? "    An objection as incompetent, irrelevant, and immaterial, not cross-examination, and foreign to the issue was overruled, and the witness answered:    " Mrs. Main brought suit against us for $1,000 for damages, claiming that I left Mr. —"    Here he was interrupted by another question.

After some other inquiries the defendant rested, and the state recalled him for further cross-examination.    This question was then asked:    " Doctor, you testified yesterday that Mrs. Main had brought suit against you for $1,000 as a claim for injury sustained by her husband while intoxicated upon liquor alleged to have been purchased from you in June.    Was that claim settled ? "    This was objected to as incompetent, irrelevant, and immaterial, and not connected with any issue in the case, and especially incompetent unless he settled it himself, and the objection was overruled.    He answered that the claim was settled by a son-in-law for $200, and that he had intended to contest it to the last.

Neither inquiry was proper.    Neither appeared to be connected with anything to which he had testified in chief, and therefore the objection as not cross-examination to the first question should have been sustained.    Nor was it material whether the case was settled, unless this was done by or at the instance of defendant.    *State v. Jaeger*, 66 Mo. 137.

And in any event one may buy his peace by effecting a compromise of a suit wtihout fear of having proof thereof introduced in evidence and the truth of the facts alleged implied therefrom.    In such a case the concession is hypothetical merely, and made for the purpose of securing tranquility, and therefore cannot be treated as an admission. Wigmore on Evidence, sec. 1061.

*Reversed.*