BENN v. FORREST.

(Circuit Court of Appeals, First Circuit. May 22, 1914.)

No. 1043.

1. MASTER AND SERVANT (§ 332*)—INJURIES TO THIRD PERSON—OPERATION OF AUTOMOBILE—RELATION—QUESTION FOR JURY.

In an action for injuries to plaintiff by being struck by an automobile operated by a chauffeur, whether the car was being used at the time for the purposes of a corporation of which defendant was president or for his own purposes or by the chauffeur for purposes authorized by neither the corporation nor defendant *held* for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1274–1277; Dec. Dig. § 332.*]

2. MASTER AND SERVANT (§ 332*)—INJURIES TO THIRD PERSON—OPERATION OF AUTOMOBILE—INSTRUCTIONS.

Where, in an action for injuries to plaintiff by being struck by defendant's automobile in charge of a chauffeur, the court charged that plaintiff was required to prove that the chauffeur was defendant's servant and engaged in the duties incident to his employment at the time, it was not error to refuse to charge that defendant's ownership of the car, the chauffeur's general employment by defendant, if so found, and the fact of his having been alone in the car at the time of the accident were insufficient to warrant a finding that he was then engaged in the duties of such employment; defendant's ownership of the car and the chauffeur's general employment being at least sufficient, in the absence of evidence to the contrary, to warrant an inference that he was running the car as defendant's servant at the time of the accident.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1274–1277; Dec. Dig. § 332.*]

3. MASTER AND SERVANT (§ 330*)—INJURIES TO THIRD PERSON—BURDEN OF PROOF.

Where plaintiff was injured by the operation of defendant's automobile in charge of a chauffeur, the burden was on defendant to establish that the chauffeur, at the time of the accident, was operating the machine for a purpose of his own.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1270–1272; Dec. Dig. § 330.*]

4. EVIDENCE (§ 220*)—ADMISSIONS—STATEMENTS IN LETTER—FAILURE TO ANSWER.

A portion of a letter, written by plaintiff to defendant in correspondence concerning plaintiff's claim for damages against defendant for injuries sustained by his being struck by defendant's automobile, that the chauffeur operating the machine at the time asked for a license to run the car and was in defendant's employ to run the same, to which defendant did not reply, was properly admitted as an admission.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 771–785; Dec. Dig. § 220.*]

5. MASTER AND SERVANT (§ 332*)—INJURIES TO THIRD PERSON—OPERATION OF AUTOMOBILE—LAST CLEAR CHANCE.

Where, in an action for injuries to plaintiff while attempting to cross. a street between crossings by being struck by defendant's automobile operated by a chauffeur, the court could not have ruled that there was no evidence of negligence on the part of the chauffeur as well as plaintiff, the court properly charged that, in order to sustain a verdict for plaintiff, the jury must find that, after discovering the plaintiff in the street, the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

chauffeur had a fair opportunity to avoid him and negligently failed to do so.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1274–1277; Dec. Dig. § 332.*]

In Error to the District Court of the United States for the District of Rhode Island; Arthur L. Brown, Judge.

Action by Andrew Forrest against Harrison Benn. Judgment for plaintiff, and defendant brings error. Affirmed.

C. M. Van Slyck, of Providence, R. I., for plaintiff in error.

Nathan W. Littlefield, of Providence, R. I., for defendant in error.

Before PUTNAM, DODGE, and BINGHAM, Circuit Judges.

DODGE, Circuit Judge. The plaintiff in error (hereinafter called defendant) has not insisted at the argument upon the first two of his assignments of error, being those based upon the overruling of his demurrer to the declaration.

The declaration was in trespass on the case for personal injuries sustained by the defendant in error (hereinafter called plaintiff) on October 31, 1910, on Union street, in Providence, R. I., through being run into by an automobile while himself exercising due care. According to the declaration, the car was the defendant's, operated at the time by his servant or agent, and so negligently operated as to run into the plaintiff. The case went to trial on the defendant's plea of not guilty. The jury found him guilty, and assessed $3,500 damages.

It was not disputed that the plaintiff was run into and injured at the above time and place by a car registered in the defendant's name in Rhode Island, and driven at the time by one Stuart Angell, since deceased before the trial, who was its only occupant at the time. The defendant denied in his testimony that Angell was in his employ.

There was uncontradicted testimony by the defendant, or on his behalf, in substance as follows:

[1] Having bought the car on October 14, 1910, he arranged with the directors of Joseph Benn & Sons, Incorporated, a Rhode Island corporation, operating mills at Greystone in that state, of whom he was one, that the car should be maintained and its running expenses paid by the corporation; that it was thereafter used for the convenience of the corporation and its officers, and for anything belonging to the corporation; that Angell was engaged by the directors to drive it soon after October 14th, and did drive it for four or five weeks thereafter; and that Angell was paid by the defendant, but out of the corporation's funds. The defendant lived in England; most of the stock in the corporation belonged to him or members of his family; he was its president and treasurer; he had come to Rhode Island with some of his family not long before the accident, and returned to England after it with them, early in the following December. While here they lived at the Crown Hotel, in Providence. He bought the car because he wanted to go in it to and from the mills, the bank, etc. It was agreed upon as fair, between him and the other directors, that he should use

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the car to take his family about when it was not in use for the corporation, and it was used, while Angell drove it, sometimes for the purposes of the corporation, and sometimes, when not so used, by him or his family for other purposes.

[2, 3] Upon this part of the case the most favorable view for the defendant which could have been taken was that it was for the jury to determine whether the car was being used at the time for the corporation's purposes or for his own private purposes, or by Angell for purposes authorized by neither. There was no direct evidence on this question, Angell having died before the trial; but there was evidence relating to the direction in which the car was going, its distance from the hotel above mentioned or from the garage at which it was kept, and the time of day at which the accident happened, or to other circumstances which might have been taken as indications that it was coming from the direction of the hotel, or as otherwise having some bearing upon the question which of the above uses was more probably then being made of it. We cannot say that the District Court was wrong in refusing the defendant's request to rule that there was no evidence to support a finding that the car was then being used for the defendant's purposes and Angell then acting as his servant. Instructions requested by him were given (1) that the plaintiff must.prove Angell to have been his servant, and (2) not only in his general employ, but also to have been engaged in the performance of duties incident to that employment. A requested instruction that the defendant's ownership of the car, Angell's general employment by the defendant, if found by the jury, and the fact of his having been alone in the car were insufficient to warrant a finding that he was then engaged in the duty of such employment was, in our opinion, properly refused. The defendant's ownership of the car and Angell's general employment as his servant for the special purpose of operating it, at least warranted the inference that Angell was running it as his servant at the time in question, in the absence of evidence to the contrary. If, as a matter of fact, Angell was not then so running it, the fact should be peculiarly within the defendant's knowledge and the burden on him to establish it. As to this we agree with the view of·the District Court in its opinion overruling a motion for a new trial.

[4] Against the defendant's objection, a portion of a letter sent by the plaintiff to the defendant December 5, 1910, claiming to have received injuries from his car, was admitted in evidence, as follows:

"That Stuart Angell asked for a license to run the car, and that said Angell was in your employ, was hired by you to run your car No. 6261."

The plaintiff was also permitted, against the defendant's objection, to testify that neither the defendant nor any one acting for him ever denied to him either that this was the defendant's car, or that Angell was in his employ as chauffeur at the time, as stated in the above letter. Of the admission of this letter and testimony the defendant complains as error.

The defendant's objection is based upon the contention that because the passage above quoted from the letter was part of a statement of

facts upon which the plaintiff was making a claim for damages, and cither expressly or by implication threatening a suit, the idea that a reply might naturally be expected from the defendant is wholly precluded. But whether it was so precluded or not was clearly for the jury, in view of all the circumstances disclosed by the evidence. We cannot say that it would be so unreasonable to expect the defendant to reply as to forbid any inference whatever from his silence. The instructions given the jury regarding the inferences they might or might not draw are not before us; the exceptions not embodying the judge's charge. Presuming, as we must, that they were proper instructions and not excepted to, we are unable to sustain the third, fourth, and fifth assignments of error complaining of the admission of the above letter and testimony.

[5] When struck by the car the plaintiff, according to his own testimony, was walking across Union street, from the easterly toward the westerly side thereof, not on the regular crosswalk nor directly across, but diagonally; and he had got a little more than halfway across. The car came from behind him. The street is in a busy section of the city, and he testified that there were a good many people on the street, about 200 in a short distance. He testified further that he did not see the car until after he was struck, and that he saw no other cars, carriages, horses, or wagons on the street. He testified that as he stepped from the sidewalk to the part of the street used by vehicles he looked directly in front of him. To the question, "Now, you say there were no carriages; did you look?" he answered, "I looked in front of me." The defendant requested the following instruction, which was given:

"If the jury believes the testimony of the plaintiff as to his actions immediately prior to the occurrence of the accident (that is, that he started across a crowded street, in a busy section of the city, without looking to see whether a vehicle was approaching which might be likely to strike him), the plaintiff was guilty of negligence, which will prevent him from recovering in this action, unless it can be found from the testimony that the driver saw, or in the exercise of due care might have seen, the plaintiff in time to avoid striking him."

The court refused to instruct, as requested by the defendant, that, if the jury believed the plaintiff's testimony recited in the instruction just quoted, the plaintiff was guilty of negligence which resulted in his injury, and could not recover.

The court also refused to instruct, as requested by the defendant, that there was no evidence that Angell saw the plaintiff in time to avoid him, or might have done so had he exercised due care, or that Angell did not appear from the testimony to have been guilty of any negligence, or to rule that the verdict should be for the defendant. On the above requests are based the remaining assignments of error.

There was evidence from which the jury might have found that Angell did not blow his horn when the car turned in to Union street, nor from that time until it struck the plaintiff, and from which they might also have found that instead of keeping on the westerly or left-hand side of Union street, and thus passing behind the plaintiff, he attempted to cross from the left to the right side of the street, and to pass between the plaintiff and the right curb, toward which the plaintiff was

walking, without attempting to stop. The car kept on for some distance after striking the plaintiff before it stopped, and it was the left-hand guard which struck him. In view of all this, the court could not have ruled that there was no evidence of any negligence on Angell's part. Indeed, the instruction given at the defendant's own request, and quoted above, would seem to involve the assumption that there had been such negligence, although (as contended) the plaintiff's contributory negligence had prevented him from recovering because of it, unless he could show that, notwithstanding it, Angell saw or might have seen him, in the position where his own negligence had brought him, in time to avoid him.

Whether Angell might thus have seen him in time or not appears, at any rate, to have been the only issue submitted to the jury on this part of the case. The opinion of the District Court referred to states as follows:

"The jury was definitely instructed that the plaintiff was negligent in stepping into the street, looking only ahead of him, and that, in order to hold the defendant liable, they must find that, after discovering the plaintiff in the street, the chauffeur had a fair opportunity to avoid him, and negligently failed to do so."

We agree with the District Court in what immediately follows the above in its opinion:

"It seems to me that the question, though perhaps close, was purely one of fact and within the province of the jury to decide, and that it cannot be said, as matter of law, that the evidence was insufficient to support the verdict in this respect."

The defendant has relied here upon a calculation claimed by him to show that the plaintiff could not have been more than 26 feet in front of the car when he stepped from the sidewalk, and that the time which Angell had for thinking and acting was "extremely short, only three seconds, more or less." The District Court assumes in its opinion that the jury might have found 26 feet at least to be the distance from the point where the car turned from the left to the right side of the street to the point where the defendant was struck; that its rate of speed was reasonable under the circumstances, and therefore a low rate, under which stopping would have been easier than at a high rate. The distance, the rate of speed, and the opportunity for avoiding the plaintiff were all matters for the jury in their bearing upon the question submitted to them, and we can find no error on the part of the court in submitting it under the proper instructions which we must assume to have been given.

The defendant has contended here that the "doctrine of 'last chance' is not applicable to the undisputed facts of the case." But he appears by the record to have invoked it himself.

It follows from what has been said that there was no error in refusing to direct a verdict on the whole case for the defendant. We are therefore unable to sustain any of the exceptions.

The judgment of the District Court is affirmed, with interest, and the defendant in error recovers costs in this court.