LOUIS EISEN and HENRY EISEN, Copartners, etc., Appellants, v. CHARLES A. BAUDOUINE and JOHN F. BAUDOUINE, as Trustees, etc., Respondents.

Appeal from a judgment of the Supreme Court, entered in the New York county clerk's office October 17, 1917, dismissing the complaint at the close of plaintiffs' case upon a trial at Trial Term.

Judgment affirmed, with costs. No opinion. Present — Clarke, P. J., Dowling, Smith, Page and Merrell, JJ.; Dowling, J., dissented.

DOWLING, J. (dissenting): I dissent, on the ground that, in my opinion, there was an issue for the jury upon the plaintiffs' case as to whether or not Scheibler was the defendants' agent and whether he was authorized to waive the provision of the lease requiring written notice of the defect in the roof.

---

LOUIS MISCHNER, Respondent, v. CARL THALHEIM, Appellant.

*Contract — evidence — offer of compromise.*

Appeal by the defendant from a judgment of the Supreme Court, entered in the New York county clerk's office November 20, 1917, in favor of the plaintiff upon the verdict of a jury for the sum of $5,019.19, and also from an order entered December 10, 1917, denying a motion for a new trial.

SMITH, J.: The plaintiff sues upon a contract for services. There is a sharp conflict between the plaintiff and the defendant as to the terms of the contract. The plaintiff made claim for upwards of $14,000. The defendant denies any liability whatsoever. Prior to the commencement of this action there was an attempt made by the parties to arbitrate their claims. The plaintiff was allowed to show, under the objection and exception of the defendant, that, in negotiating for that arbitration, the defendant offered to settle his claim for $3,500 or $4,000, which was rejected by the plaintiff. That this testimony was incompetent would hardly seem to require authority. (See *Tennant* v. *Dudley*, 144 N. Y. 504, 507; *Franklin* v. *Hoadley*, 115 App. Div. 538.) The judgment rendered was for about $5,000. It cannot be said that this offer of compromise did not influence the jury in reaching the conclusion represented by its verdict, and for this material error the judgment and order must be reversed and a new trial granted, with costs to appellant to abide the event. Clarke, P. J., Dowling, Page and Merrell, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.