## FOUNDATION CO. v. HENDERSON.

(Circuit Court of Appeals, Fifth Circuit.    April 3, 1920.)

No. 3440.

Master and servant ⬌330(1)—Chauffeur's act presumed to be within scope of employment.

Proof that an automobile which struck and injured plaintiff was owned or controlled solely by defendant, and was driven by a chauffeur employed by defendant generally for that purpose, *held* to raise a presumption that the driver was acting within the scope of his employment, and in the absence of evidence to the contrary to warrant an instruction that defendant was liable for his negligence.

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Action by Frank A. Henderson against the Foundation Company. Judgment for plaintiff, and defendant brings error.    Affirmed.

W. W. Wall and James C. Henriques, both of New Orleans, La., for plaintiff in error.

William H. Byrnes, Jr., and L. De Poorter, both of New Orleans, La., for defendant in error.

Before WALKER, Circuit Judge, and CALL and HUTCHESON, District Judges.

HUTCHESON, District Judge.    Plaintiff in error, defendant below, cast in the lower court by the verdict of the jury and the judgment thereon, brings this writ seeking a reversal.

The suit is one for damages caused to the plaintiff by being struck by an automobile on the streets of the city of New Orleans.    Defendant's contention that, irrespective of the question of negligence, plaintiff could not recover, because he had failed to prove defendant's responsibility for such negligence, was denied by the trial court, which not only declined to submit all of defendant's charges on that issue, but instructed the jury:

"There is no doubt, if the automobile was operated in a negligent manner by the chauffeur, that the Foundation Company would be liable in this case."

Plaintiff in error presents ten assignments in his brief.    The second assignment, challenging the action of the court in refusing to strike out paragraphs 3 and 4 of the petition is not before us for review, since there was no proper exception reserved to the action of the court in that matter.

The third assignment, challenging error in the admission of the testimony of Ray, presents no reversible error, because, if erroneous, the same matters were proven without objection by other witnesses.

The fourteenth assignment seeks to challenge the action of the court in overruling motion for new trial in regard to excessive verdict.    This assignment presents nothing for review here.

Plaintiff in error, however, mainly relies upon the first and fourth assignments of error, presenting the issue of no cause of action, and

the fifth, sixth, seventh, tenth, and eleventh, complaining of the refusal of the court to give the requested charges presenting the issue of whether or not the car was owned by the Foundation Company, and was being used by an employé or officer of that company, upon its business at the time, of the injury.

The matters complained of in these assignments were properly brought to the attention of the trial court, and are properly presented here, and it is evident that if the question of the ownership of the machine, or whether or not the chauffeur was acting on the master's business and with his authority, was either determined as a matter of law for the defendant, or should have been submitted as an issue of fact to the jury, the judgment must be reversed, while it is equally evident that it must be affirmed, if the state of the evidence entitled the court to instruct the jury as he did.

The contentions of defendant, briefly stated, are: (1) That the evidence affirmatively establishes that the automobile was not owned, and its operatives were not employed, by the Foundation Company, but by the government of the republic of France; and in addition (2) that there was no proof that the automobile was being used in the business of the Foundation Company, or that the driver, Parker, at the time of the accident, was acting within the scope of his employment.

The facts on the issue of ownership, employment, and use of the car at the time of the accident are these:

The defendant, under a cost plus contract with the government of the republic of France to construct shipyards and to build ships, established a plant and maintained an organization in the city of New Orleans. The contract provided that the French government would pay the entire cost of the ships, and, in addition, would pay the contractor a percentage as compensation, for his services, and it was agreed that the cost of the ships should include all expenses, of whatever nature, incurred by the contractor or the French government in connection with the contract. Among the expenses were salaries of superintendent and all other employés of the local office, all tools, supplies, etc. The contractor was to make up weekly pay rolls and draw on Messrs. J. P. Morgan & Co. for the amount, and make up a monthly statement of expenses, for which they were also to draw.

Among the supplies purchased by the Foundation Company for the French government was the Cadillac automobile, which figures in this accident. Among the employés of the Foundation Company were Superintendent Galbreath and the chauffeur, Allen Parker. As to these the testimony shows without dispute that Galbreath was superintendent, and in full charge of the operations of the Foundation Company, and that Allen Parker was the regular chauffeur, whose business it was to drive this Cadillac machine.

The construction of the contract, and the evidence connected with its carrying on, establishes in the same undisputed way that the Foundation Company was an independent contractor, with full charge and control of the work and its direction, and that this automobile, along with the other supplies and properties in its charge, was under

the complete direction and control of the Foundation Company in connection with the carrying on of the business of said company and the superintending and directing of the ship construction.

The injury occurred while the machine was being used in the following manner: On Sunday evening, August 11, 1918, Galbreath, the superintendent of the Foundation Company, left the premises of that company in this car, its regular chauffeur, Allen Parker, driving, and proceeded to the St. Charles Hotel, in the city of New Orleans. The driver, having been instructed to return for him at 10 o'clock, took the car to his own house, and thereafter, responding to a telephone message there received, went to the St. Charles Hotel, and from there to Galatoire's Restaurant, not finding Mr. Galbreath at either place. While driving up Baronne street, at about La Fayette street he struck the plaintiff. Being badly frightened, he then went to his own house, and later returned to Galatoire's, picked up Mr. Galbreath, and took him back to the premises of the Foundation Company.

Under these facts, the ownership of the car by the Foundation Company is immaterial. The car was under its control and subject to its direction, and if it is established by the proof that the car was being operated by its employés on its business, defendant's contentions must be overruled.

We agree with plaintiff in error that it is the duty of a plaintiff in a suit of this kind to establish by the evidence that the car was being operated by an employé of the defendant company, who at the time of the accident was within the scope of his employment and using the car on some business of the Foundation Company; but we think it clear that, under the rules of law applicable to this case, plaintiff has discharged that burden. There seems to be no question that the ordinary rules controlling the responsibility of the master for the action of his servant apply in the case of automobile accidents; that is, that the owner or controller of a machine is not responsible for injuries caused by that machine, unless the machine was being operated by the servant or employé, within the scope of his employment, and upon the business or concern of the owner or controller of that machine; but in applying this rule of substantive law the equally imperative rule of evidential presumption, which supplies the proof of some of these facts, must be borne in mind.

Under the operation of this rule, as applied to this class of cases, if a plaintiff proves that the automobile was owned by or in the control of the defendant, and that the person who is in charge of the machine is the servant of the defendant, whose general duty it is to drive the machine, a presumption of fact that the chauffeur was acting in the line of his duty is raised, which takes the place of affirmative evidence, and the burden is then upon the defendant to overthrow this presumption by showing that the fact is otherwise.

The rule is not new. In Shearman & Redfield on Negligence (6th Ed.) vol. 1, § 158, the rule is stated in this language:

"When the plaintiff has suffered injury from the negligent management of a vehicle, car or carriage, it is sufficient prima facie evidence that the negligence was imputable to the defendant to show that he was the owner of the

thing, without proving affirmatively that the person in charge was the defendant's servant. It lies with the defendant to show that the person in charge was not his servant, leaving him to show, if he can, that the property was not under his control at the time, and that the accident was occasioned by the fault of a stranger, an independent contractor, or other person for whose negligence the owner would not be answerable."

This rule as stated is apparently sustained in California, and perhaps some other states. See McWhirter v. Fuller, 35 Cal. App. 288, 170 Pac. 417, where the court says:

"The question of agency or employment of the driver is a fact peculiarly within the knowledge of the owner—oftentimes unknown to the injured party; and the burden is upon the owner to overthrow this presumption by evidence, of which the law presumes he is in possession. He is called upon to rebut this evidence and presumption by showing that the fact is otherwise."

While this is the statement of the rule in some jurisdictions, we believe the weight of authority is in favor of the rule which requires the plaintiff to prove both that the defendant was the owner and controller of the thing, and that the person operating it was his servant, with authority to, or whose ordinary duties were to, operate the machine.

In Wood v. Indianapolis Abattoir Co., 178 Ky. 188, 198 S. W. 732, where the evidence consisted of proof that the manager of the defendant company was driving the truck at the time of the accident, and there was no other evidence upon the point of liability of the master, the Supreme Court said:

"The authority of the master is implied when it is the duty generally of the agent, under the terms of his employment, to drive the automobile, and when the authority, either express or implied, is proven, the presumption is indulged that the employé was on his master's business. Thus it has frequently been held that where it not only appears that the defendant was the owner of the machine, but also that it was in charge of his chauffeur, an employé whose duties are to operate an automobile, at the time the injury occurred, such evidence raises a presumption that the chauffeur was engaged in the defendant's business, and acting within the scope of his employment, and the burden then shifted to the defendant to prove that the chauffeur was not, at the time, acting for him."

In Ludberg v. Barghoorn, 73 Wash. 476, 131 Pac. 1165, it is said:

"The fact that the automobile was admitted to belong to the defendant and that the driver of the automobile was in the employ of the defendant was sufficient to put the defendant upon proof that the automobile was not used in his business or for his employment has been held in a number of cases"—citing many cases.

In Rose v. Balfe, 223 N. Y. 481, 119 N. E. 842, Ann. Cas. 1918D, 238, the Court of Appeals of New York said:

"The evidence tending to disclose liability on the part of the defendant was limited to the testimony of Drenning that at the time of the accident he was an employé of the defendant, and driving the car owned by defendant. Such fact was prima facie evidence of the responsibility of the defendant. Ferris v. Sterling, 214 N. Y. 249, 108 N. E. 406, Ann. Cas. 1916D, 1161. The presumption growing out of a prima facie case, however, continues only so long as there is no substantial evidence to the contrary. When that is offered, the presumption disappears, and, unless met by further proof, there is nothing to justify a finding based solely thereon."

From these decisions it appears that, while there is some conflict as to whether the mere proof of ownership will raise the presumption, the great weight of authority establishes that, when the machine is in charge of the regular chauffeur, the burden is shifted to the defendant to negative the presumption of legitimacy which that situation raises, and in default of evidence plaintiff is entitled to a verdict on that issue. Riley v. Roach, 168 Mich. 294, 134 N. W. 14, 37 L. R. A. (N. S.) 834; Shamp v. Lambert, 142 Mo. App. 567, 121 S. W. 770; Moon v. Matthews, 227 Pa. 488, 76 Atl. 219, 29 L. R. A. (N. S.) 856, 136 Am. St. Rep. 902. To the same effect, see Berry on Automobiles (2d Ed.) 691.

In this case the undisputed evidence showing that the manager of the defendant company, in a car being operated by the chauffeur of the defendant company, was taken from the place of business of defendant company to town, and later returned to that place, the presumption was at once raised that the employés were acting within the scope of their authority and on the master's business, and the record shows not a scintilla of evidence to rebut this presumption. Counsel in his own brief, on page 49, says:

"Now, the only point that we did not prove was, What was the automobile being used for on Sunday night? Did Galbreath have it out for pleasure? Did Galbreath have it out for the purpose of taking some of his friends joy-riding? Was Galbreath using it for his own personal convenience, or was Galbreath engaged in any business at half past 9 o'clock on a Sunday night?"

These questions, instead of being raised in this cavalier way, should have been answered by defendant. As said in Long v. Nute, 123 Mo. App. 204, 100 S. W. 511:

"Where a servant, who is employed for the special purpose of operating an automobile for the master, is found operating it in the usual manner such machines are operated, the presumption naturally arises that he was running the machine in the master's service. *If he was not so running it, this fact is peculiarly within the knowledge of the master, and the burden is on him to overthrow this presumption by evidence which the law presumes he is in possession of.*" (Italics ours.)

Now, the defendant in this case not having offered any evidence at all to rebut the presumption, it was the duty of the court below to instruct the jury as he did, because the presumption that the employés were on their master's business supplies proof of the fact, and there was no evidence on this point for the jury's consideration.

Of course, defendant would have found himself in very different case, had he undertaken to explain the use by evidence inconsistent with this presumption. In that case the presumption, which only exists in the absence of evidence, would have passed out, and the case would have gone to the jury on the evidence alone; but with the record in its present state there was nothing for the court to do but to submit to the jury as he did, the question of the negligence vel non of the chauffeur, and we find no error in any of the matters raised by these assignments.

Finding no error in the record, the judgment is affirmed.