### WESTERN UNION TELEGRAPH CO. v. HALE et al.*

(Circuit Court of Appeals, Fifth Circuit. December 17, 1921.)

No. 3687.

Master and servant ⊂⇒330(3)—Evidence held to show negligent telegraph messenger acted within scope of employment.

Uncontradicted evidence that it was the custom of defendant telegraph company to deliver and collect messages by the use of messengers on bicycles, and that such a messenger, in defendant's uniform, was going on his bicycle in the direction of defendant's office and was only a block distant therefrom when he negligently ran against and injured plaintiff, *held* sufficient, prima facie to sustain an allegation that he was engaged on defendant's business and acting within the scope of his employment.

In Error to the District Court of the United States for the Southern District of Florida; William I. Grubb, Judge.

Action at law by Laura Hale and William F. Hale, her husband, against the Western Union Telegraph Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

John E. Hartridge, of Jacksonville, Fla. (Francis R. Stark, of New York City, and Julian Hartridge, of Jacksonville, Fla., on the brief), for plaintiff in error.

R. E. Stillman, of Jacksonville, Fla. (A. G. Hartridge, of Jacksonville, Fla., on the brief), for defendants in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. Plaintiff, defendant in error here, joined by her husband, sued the defendant, Western Union Telegraph Company, and alleged in her declaration that one of defendant's messengers, employed to receive and deliver telegrams, so negligently managed a bicycle he was riding while engaged in defendant's business as to run into and injure her.

It was the custom of defendant to have its messengers deliver telegrams to addressees in the city of Jacksonville, and to collect for transmission telegrams intended to be sent elsewhere; and it was also the custom for defendant's messengers to use bicycles for these purposes. The injury occurred at a street corner only a block away from defendant's place of business, and resulted from a collision between plaintiff and one of defendant's messengers. The messenger was in uniform and was riding a bicycle in the direction of the building used by defendant.

At the conclusion of plaintiff's evidence the court denied defendant's motion to direct a verdict of not guilty. The defendant offered no evidence, and the trial resulted in a verdict and judgment for plaintiff.

It is unnecessary to state the evidence offered to sustain the allegation of the messenger's negligence. It was not denied, and therefore it may be taken as conceded, that the evidence of negligence was sufficient to authorize the submission of that question to the jury.

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Certiorari denied 256 U. S. —, 42 Sup. Ct. 273, 66 L. Ed. —.

There is but one assignment of error. It raises the single and narrow question whether defendant's messenger was proven to be acting within the scope of his employment at the time of the injury. This question was treated by the parties and by the trial court as within the issues raised by the pleadings.

We are of opinion that the evidence submitted by the plaintiff showing defendant's custom in delivering and receiving telegrams by the use of messengers on bicycles, and that the particular messenger who injured plaintiff was at the time of the injury within a block of defendant's offices, in his uniform and riding his bicycle in that direction, was sufficient, if necessary, to make out a prima facie case that the messenger was at that time engaged in the master's business, and to throw the burden of proof upon the defendant. If the facts were not as indicated by plaintiff's evidence, they were peculiarly within defendant's knowledge and could have been produced by it without difficulty or inconvenience. The defendant could not have been taken by surprise, in view of the essential allegation that the messenger was acting within the scope of his employment, and it doubtless would have shown that the messenger was not so acting if that had been the fact. Its silence and failure to offer any evidence under the circumstances warrants the conclusion that it was deprived of no right and suffered no injury by reason of the court's refusal to grant its motion for a directed verdict. Benn v. Forrest, 213 Fed. 763, 130 C. C. A. 277; Foundation Co. v. Henderson (C. C. A.) 264 Fed. 483.

The defendant cites authorities which hold that messengers who collect telegrams to be forwarded are the agents of the senders of the telegrams, and not of the telegraph companies These cases arose out of delays in delivery or failure to deliver telegrams intrusted to messengers, and are governed by contracts between the senders and telegraph companies; and are therefore not considered in point in this case.

The judgment is affirmed.