GEHLOFF, Respondent, vs. KANDLER, imp., Appellant.
GEHLOFF, by guardian *ad litem*, Respondent, vs. KANDLER, imp., Appellant.
KEGLER, Respondent, vs. KANDLER, imp., Appellant.

*January 13—May 12, 1931.*

*L. P. Fox* of Chilton, for the appellant.
*Frederick W. Krez* of Plymouth, for the respondents.
The following opinion was filed February 10, 1931:

FAIRCHILD, J. Louisa Kandler arranged with a neighbor, Mrs. De Marce, to drive a car which Mrs. Kandler borrowed from her son, to Sheboygan. Both women had business calling them there and each gained some advantage by the arrangement. Mrs. Kandler borrowed her son's car and asked Mrs. De Marce to drive. On the way, through negligence of Mrs. De Marce, the plaintiffs sustained the

injuries for which damages were recovered in these actions. Mrs. Kandler seeks to avoid liability (1) on the ground that she was not found to be negligent in any way by the jury; (2) that the answer "Yes" to the following question is not supported by the evidence: "Q. 5. Did Mrs. Louisa Kandler, on or before July 1, 1929, request Mrs. De Marce to drive Mrs. Kandler's car, or Herman Kandler's car, to Sheboygan on July 1, 1929?" (3) As a matter of law Louisa Kandler is not liable for any damages.

The evidence shows that Mrs. Kandler is unable to drive an automobile; that she owned one, but on this particular day her car was being used by her son and she borrowed his to use in the place of it; that another son of hers drove her to Mrs. De Marce's house and that then Mrs. De Marce took charge of the car and was driving it at the time of the collision complained of in this case.

Liability of Mrs. Kandler is based upon the principles of agency. The jury found upon sufficient evidence that Mrs. De Marce drove the car at her request; that it was in the interest of appellant's business and that she had the right of control and direction; while Mrs. De Marce was to have the opportunity of doing some errands of her own, and undoubtedly possessed the independence which ought to exist in a neighborly arrangement of this character, still agency existed. Authority for conduct of the car rested in appellant. The owner of a car arranging for its being driven for her benefit is responsible for damage done by a driver secured by her unless there exists an arrangement which divests the owner of control and leaves the owner a mere passenger.

The rule is accepted in this state that where a plaintiff seeks to hold the owner of a car liable for injuries inflicted when the car was being operated by another, proof of the ownership makes out a *prima facie* case. This is on the theory that the fact of ownership justifies an inference or

raises a presumption that the driver of the car is the agent of the owner and that he is driving it in pursuit of the owner's business. In *Enea v. Pfister,* 180 Wis. 329, 192 N. W. 1018, it is said:

"We regard this as a just and reasonable rule. It is generally an easy matter to prove the ownership of a car that inflicts injury. The public records afford evidence of this fact. But the question of whether the car was at the time being operated in the prosecution of the defendant's business is a matter peculiarly within the knowledge of the defendant and one upon which it is at times exceedingly difficult for the plaintiff to obtain proof. The exigencies of justice require the application of such a rule, which we approve and adopt." See, also, *Borger v. McKeith,* 198 Wis. 315, 224 N. W. 102.

There was some dispute over the question of agency. The evidence was such that the jury was warranted in making the answer it did to questions of the special verdicts. The testimony given by Mr. Gehloff to the effect that Mrs. Kandler said that "the boys were busy out in the field making hay, and she did not want to get the boys out of the field, and for that reason asked Mrs. Dora De Marce to drive the car for her to Sheboygan," made it a jury question, and the answer of the jury cannot be disturbed. Agency being established, the liability of the principal follows. In *Smalley v. Simkins,* 194 Wis. 12, 215 N. W. 450, there was an agreement which, as between the Smalleys and the owner of the car, amounted to a loan to Smalley and his wife. Under this loan Mr. and Mrs. Smalley supplied their own driver for a portion of the journey, and when Mrs. Smalley was injured the car was being driven by her own agent and the owner was not held liable for injuries to Mrs. Smalley.

*By the Court.*—Judgments affirmed.

A motion for a rehearing was denied, with $25 costs in one case, on May 12, 1931.