JOHN S. ROSS *vs.* HARRY FISHSTINE.

Berkshire.     September 15, 1931. — October 2, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Evidence*, Competency, Admissions, Of Settlement, Of contributory negligence. *Negligence*, Contributory.

At the trial of an action for personal injuries and damage to the plaintiff's automobile resulting from a collision with an automobile of the defendant, it was proper to exclude evidence offered by the defendant that the plaintiff or an insurance company insuring his automobile had paid certain sums to the defendant and to the occupants of his automobile, and to refuse to rule that if the plaintiff paid or caused to be paid a sum to the defendant, "in satisfaction of his claim for damages suffered by him in the accident described in the plaintiff's declaration, this is such an acknowledgment of negligence and liability on the part of the plaintiff . . . that the plaintiff cannot recover": the evidence offered did not show a discharge of the defendant's liability by release, payment, or mutual adjustment of differences, nor warrant an inference that settlement of the plaintiff's claim against the defendant was a part of the transaction; nor was it admissible as an admission by the plaintiff that his negligence was a contributing cause of the collision.

TORT. Writ dated July 15, 1929.

The action was tried in the Superior Court before *W. A. Burns*, J. Material evidence and rulings of the judge are described in the opinion. There was a verdict for

the plaintiff in the sum of $488.50. The defendant alleged exceptions.

*M. B. Warner,* for the defendant.

*J. M. Shea,* for the plaintiff.

FIELD, J. This is an action of tort, brought in the Superior Court, for personal injuries and property damage resulting from a collision between the plaintiff's motor vehicle and that of the defendant. The answer is a general denial and contributory negligence. There was a verdict for the plaintiff.

The defendant excepted to the exclusion of an offer of proof expressed by his counsel in the following words: "I make an offer of proof that Mr. Ross, or someone in his behalf, or I think I ought to say the Insurance Company insuring his car paid the defendant Fishstine and those in his car the sums, to Fishstine $100, Smith $200, and Holly $400," and to the exclusion of evidence, presented in another form, that the plaintiff "paid or caused to be paid" these amounts, and also to the refusal of the trial judge to instruct the jury, as requested by the defendant, "that, if the plaintiff, Ross, paid or caused to be paid $100 to the defendant, Fishstine, in satisfaction of his claim for damages suffered by him in the accident described in the plaintiff's declaration this is such an acknowledgment of negligence and liability on the part of the plaintiff, Ross, that the plaintiff cannot recover against the defendant, Fishstine, in this action."

No error is disclosed.

The evidence offered did not tend to prove discharge of the defendant's liability by release, payment, or mutual adjustment of differences. It did not warrant the inference that settlement of the plaintiff's claim against the defendant was a part of the transaction. Even apart from any question of pleading the evidence was inadmissible for the purpose of proving such discharge.

Nor did the evidence offered tend to prove an admission by the plaintiff that his negligence was a contributing cause of the collision. It shows no more than a compromise of the claims of the defendant and the occupants of his

automobile — a purchase of peace by the plaintiff.  There is no evidence in the record from which a different meaning of the payments can be inferred.  These payments stand no better as admissions than would offers of compromise, which, of course, are inadmissible.  *Anonik* v. *Ominsky*, 261 Mass. 65.  There was no element of *res judicata*, which was the determining factor in *Biggio* v. *Magee*, 272 Mass. 185, relied upon by the defendant.  It is unnecessary to consider whether there were other valid grounds for the exclusion of the evidence.

The reasons which support exclusion of the evidence support the refusal to rule as requested by the defendant.

*Exceptions overruled.*