## Powers' Administrator v. Wiley et al.

(Decided December 18, 1931.)

JOSEPH S. LAWTON and BURKE & LAWTON for appellant.

BLAKEY, DAVIS & LEWIS for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER— Affirming.

Frank C. Powers was riding in a car with Rodman Wiley. The car was overturned, and Powers was killed. This action was brought against Wiley by Powers' Ad-

ministrator to recover for his death. The jury, to whom the case was submitted, returned a verdict for the defendant. The plaintiff appeals.

The facts, briefly stated, are these: Powers was in the car as a guest of Wiley at his invitation. As they were going west, and not long before they reached Eastwood on the road between Shelbyville and Louisville, the car collided with a car driven by Fred Beutel, who had Francis Hall riding with him as his guest. It was raining. The road was wet, and, when the lights of Beutel's car flashed upon Wiley, he put on his brakes. The car skidded, and the side of the car struck Beutel's car. demolishing it and seriously injuring Beutel and Hall. After this, Wiley's car turned over, killing Powers and injuring Wiley very seriously.

A reversal is asked on account of the admission of improper evidence and the refusal to admit proper evidence. Wiley was introduced as a witness for the defendant, and was not allowed to state anything that occurred at the time of the tragedy, as Powers was dead. But he was allowed to state in substance, after showing that he had had many years experience in operating a car and was well acquainted with the road at this point, that, if a car going west, just as it was reaching the place of the accident, had met another going east, it would not be possible for the lights of the car going east on its right-hand side as it approached that point to strike the front of the car going west, if the car coming west was on the wrong side of the road. The purpose of this evidence was to show that Wiley was on the right side of the road, and, while Wiley could not testify to this fact directly, he could testify where the light of the other car would strike his car if on the other side of the road by reason of the curve in the road and its grading. He stated all the facts, showing, by reason of the curve and the grade, where the light would strike the car. The evidence was competent. While he could not testify directly to what occurred, there was no reason why he could not testify as an expert as to where the light of one car would strike the other under given circumstances.

Francis Hall was introduced as a witness for Wiley, and, after he testified how the accident occurred, he was asked if he had not been at the office of Mr. Wiley's attorney after this. Then this followed: "Objected to and the objection is sustained, and counsel for plaintiff

excepts to the ruling and avows if permitted to answer the witness would state and it is true: Four or five weeks after the accident I saw a representative of Mr. Wiley in Judge Peak's office and I gave said representative a statement as to how this accident happened, and at that time defendant paid me and Mr. Beutel $1,500.00, or rather paid that amount to my attorney and after my attorney, Judge Peak, received the check for $1,500.00 he gave me a share of said check and Mr. Beutel a share of said check or money. The statement that I gave Mr. Wiley's representative was as favorable as I could possibly make it for Mr. Wiley, and the money was paid me at the time I made the statement. This was before the coroner's inquest and before the hearing in the county court.''

The rule is well settled that, if in the same accident two or more persons are injured, a compromise with one cannot be shown in an action by the other. 22 C. J., p. 320, sec. 354, note B, and cases cited; Ferry's Adm'r v. Louisville Railway Co., 165 Ky. 747, 178 S. W. 1087. The reason for the rule is that the law favors the settlement of controversies out of court, and, if a man could not settle one claim out of court without fear that this would be used in another suit as an admission against him, many settlements would not be made. For this reason, offers of compromise are always held inadmissible, and for the same reason a man's buying his peace from one party can no more be used against him in the suit of another party than the defendant could use the settlement against the plaintiff in the action to reduce his recovery if for only a nominal amount.

It is insisted, however, that the evidence should be admitted to show Hall's bias. But that was not the real object in getting the matter before the jury. The real effect of the evidence, if admitted, would have been to advise the jury that Wiley had admitted liability to Beutel and Hall. The fact that Hall had received a part of the money that Wiley had paid in this settlement did not really go to his credibility. The fact that he had been settled with simply showed that he had no further interest in the matter. The statement referred to in the above, that he had made, was not read or offered in evidence, and the court is satisfied that no substantial right of the plaintiff was prejudiced by the refusal to admit this evidence.

648

Complaint is also made that the court allowed the defendant to show that Powers was dissipated, but it was also shown that he suffered from myocarditis, and this proof only went to the amount of recovery, as affecting his expectancy of life and earning power. As the verdict was for the defendant, no substantial right of plaintiff was affected thereby.

It is also earnestly insisted that the verdict is palpably against the evidence. But questions of this sort are peculiarly for the jury. This court does not disturb the verdict of the jury which has been approved by the circuit court, who saw and heard the witnesses, unless it is palpably against the evidence. The evidence here was conflicting. There were facts shown from which it may reasonably be inferred that the accident occurred by reason of the fact that Wiley was blinded by the light of the other car, and so set his brakes, and the car then skidded by reason of the road being wet and the surface inclined. The court is unable to say that the verdict of the jury is palpably against the evidence.

Judgment affirmed.