## HAWTHORNE v. ECKERSON CO.
### No. 401.

Circuit Court of Appeals, Second Circuit.
June 3, 1935.

Clayton H. Kinney, of Rutland, Vt., for appellant.

Novak & Bloomer, of Rutland, Vt., for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The plaintiff was driving her own Marquette automobile and was accompanied by one Addie O. Kellogg, her partner in an antique furniture business, who was sitting in the driver's seat with her. As the car was rounding a curve in the highway leading from Middlebury to Brandon, Vt., it collided with a Chevrolet automobile belonging to the defendant Eckerson Company, and driven by A. J. Gassett, of Burlington, Vt., one of its traveling salesmen. The plaintiff and Miss Kellogg were both injured and the Marquette car was damaged to the extent of about $125. The plaintiff testified that when rounding the curve she kept well to the inside of the road and was driving at a speed of only 18 miles per hour. She also showed that Gassett came around the curve at a speed of 40 miles an hour, did not keep the Chevrolet on his side of the road, but had come over to her side, and that because of this the collision occurred. After the plaintiff had put in her case the defendant rested without introducing any proof. Thereupon the court charged the jury that it was to find: (1) Whether the plaintiff had proved that Gassett was in the employ of the defendant and performing some duty pertaining to his employment at the time of the collision; (2) whether, if it found such to be the case, the collision was caused by the defendant's negligence; (3) in the event that (1) and (2) were resolved against the defendant, what were the plaintiff's damages? The jury returned a verdict of $4,664.51 for the plaintiff, and from the judgment entered thereon this appeal was taken.

The errors relied on are:

(a) That the court improperly allowed the jury to find that Gassett was acting as defendant's agent at the time of the collision because he was in the general employ-

MANTON, Circuit Judge, dissenting.

ment of the defendant and was driving its car.

(b) That the court unlawfully permitted the plaintiff to prove a settlement by the defendant with Miss Kellogg of her claim for injuries arising out of the accident in the present case.

While there are various other assignments of error, there is nothing of substance other than (a) and (b).

■ In many jurisdictions it is held that in an action for injuries due to collision by an automobile, proof that at the time of the accident the car was owned by the defendant establishes a prima facie case for the plaintiff. Curry v. Stevenson, 58 App. D. C. 162, 26 F.(2d) 534; D'Aleria v. Shirey, 286 F. 523 (C. C. A. 9); Foundation Co. v. Henderson (C. C. A.) 264 F. 483; Benn v. Forrest, 213 F. 763 (C. C. A. 1); Ferris v. Sterling, 214 N. Y. 249, 108 N. E. 406, Ann. Cas. 1916D, 1161; Rose v. Balfe, 223 N. Y. 481, 119 N. E. 842, Ann. Cas. 1918D, 238; Tischler v. Steinholtz, 99 N. J. Law, 149, 122 A. 880; Gehloff v. DeMarce, 204 Wis. 464, 234 N. W. 717. It is unnecessary for us to say whether mere proof of ownership of a colliding car constitutes a prima facie case and requires a defendant who wishes to escape liability to go forward with evidence that the driver was not engaged in the defendant's business at the time of the accident. There are decisions, including that of Ronan v. J. G. Turnbull Co., 99 Vt. 280, 131 A. 788, that proof of ownership of the car and of general employment of the driver by the defendant is insufficient to justify an inference of agency. But, in any event, it seems clear that, where the car is shown to belong to the defendant and the driver to be a person accustomed to drive it on the defendant's business, there is enough to require the latter to meet the natural inference that at the time of the accident the driver was acting as agent—in other words, in the usual way.

■ The decision in Ronan v. J. G. Turnbull Co., 99 Vt. 280, 131 A. 788, is relied on by the defendant-appellant as showing that the evidence in the case at bar did not justify a finding that the driver was acting as the owner's agent when the accident occurred. But that decision is far from holding that proof that the driver of a defendant's car, who is not only an employee but is accustomed to drive it on the defendant's business, will not justify the inference that he was engaged in that business at the time

when an accident has happened, unless there is some reason to suppose that he was not then so engaged. In the Ronan Case the only evidence (aside from proof of ownership, of employment of the driver, and of his occasional use of the car, when collecting the defendant's bills) was that the driver was engaged in his own business at the time when the accident occurred. That decision seems to us to have no bearing on the facts before us here. Whatever may be the scope of Ronan v. J. G. Turnbull Co., 99 Vt. 280, 131 A. 788, we think that it does not go far enough to preclude the inference that Gassett was engaged in the defendant's business at the time when the plaintiff suffered her injuries. The proof shows not only that the car belonged to the defendant and that Gassett was in its employ as a traveling salesman, but also that he was accustomed to drive the car when traveling on the defendant's business in the sale of its merchandise and that this practice extended to the general neighborhood where the collision occurred and had existed for a long period before the accident and had continued thereafter. Such proof, when unexplained, gives rise to an inevitable inference that Gassett was acting as the defendant's agent.

■ There is no reason to suppose that the Vermont law is not in accord with what we believe to be the general rule applicable to the case at bar. But, in any event, we are not bound to follow the rules of evidence of the state in which the trial was had, Mass. Bonding & Ins. Co. v. Norwich Pharmacal Co., 18 F.(2d) 934, 939 (C. C. A. 2); Pariso v. Towse (C. C. A.) 45 F.(2d) 962, 964, and we feel no doubt that, under general principles, the trial judge was right in treating proof of ownership of the car and Gassett's practice of doing business therewith as defendant's traveling salesman as a basis for the inference that he was acting as defendant's agent at the time of the collision.

■ Inasmuch as there was uncontradicted testimony that the car was the defendant's, that Gassett was its traveling salesman and was accustomed to drive the car while on its business, nothing further was necessary to show prima facie that Gassett was acting for the defendant. There was also uncontradicted evidence that Gassett, when rounding the curve on the road to Middlebury, did not keep on his side of the middle of the highway and that the plaintiff kept as far over on her side as was practicable. Upon such a record there was no

question for the jury except that of damages.

The defendant complains because the court permitted the plaintiff to prove the settlement with Miss Kellogg, both in order to show that Gassett was its agent and also to show liability. We think the rulings in this respect were erroneous. Compromises are not in themselves evidence as admissions of liability, and the same rule applies when they are offered as proof of agency. Wigmore on Evidence, § 1061; Wigmore, Supp. (1934) p. 460; West v. Smith, 101 U. S. 263, 273, 25 L. Ed. 809; Paster v. Pa. R. R. (C. C. A.) 43 F.(2d) 908; Ross v. Fishtine, 277 Mass. 87, 177 N. E. 811; Fulton Iron & E. Works v. Kimball Tp., 52 Mich. 146, 17 N. W. 733; Georgia Ry. & Electric Co. v. Wallace & Co., 122 Ga. 547, 50 S. E. 478; State v. Campbell, 129 Iowa, 154, 105 N. W. 395; Powers' Adm'r v. Wiley, 241 Ky. 645, 44 S.W.(2d) 591; Nadler v. Willen (Sup.) 190 N. Y. S. 577. It is a quite different matter to allow in evidence independent statements contained in offers of settlement as admission of liability. West v. Smith, 101 U. S. 263, 25 L. Ed. 809; Hall v. Sera, 112 Conn. 291, 152 A. 148.

Since, irrespective of any inference arising from the agreement of settlement, there was uncontroverted proof that Gassett was the agent of the defendant, it may be argued that the error in admitting evidence of the compromise was not prejudicial, for the judge charged the jury that the plaintiff could only recover compensatory damages for her personal loss and injuries. But in the course of the testimony as to the settlement, proof was elicited at the suggestion of the court itself, that Miss Kellogg had received $4,750 in payment of her claim. Such evidence might have led the jury to allow the plaintiff a recovery equivalent to that of Miss Kellogg, the other occupant of the car. It is true that the testimony was only admitted on the theory that such a substantial payment as $4,750 would not have been made merely to buy peace and that the making of it, therefore, justified the inference that Gassett was the agent of defendant and that the latter was responsible for his acts. But the evidence was legally inadmissible to prove agency, and we cannot say that knowledge by the jury of the amount paid to Miss Kellogg might not have caused them to take her recovery into account in estimating the plaintiff's damages. Tennant v. Dudley, 144 N. Y. 504, 507, 39 N. E. 644; Mischner v. Thalheim, 184 App. Div. 883, 170 N. Y. S. 758.

In Ga. Ry. & Elec. Co. v. Wallace & Co., 122 Ga. 547, 50 S. E. 478, 480, the court said: "The rule against allowing evidence of compromise is founded upon recognition of the fact that such testimony is inherently harmful, for the jury will draw conclusions therefrom * * * in spite of anything which may be said by the judge in instructing them as to the weight to be given such evidence."

That the jury may have been prejudiced by proof of the settlement seems especially likely because the verdict for the plaintiff was for about the same sum as that paid Miss Kellogg, though the latter's injuries seem to have been the more serious.

Settlements have always been looked on with favor, and courts have deemed it against public policy to subject a person who has compromised a claim to the hazard of having a settlement proved in a subsequent lawsuit by another person asserting a cause of action arising out of the same transaction. Powers' Adm'r v. Wiley, 241 Ky. 645, 44 S.W.(2d) 591.

As proof of the settlement was erroneously received and may have prejudiced the result of the trial, the judgment cannot stand.

Judgment reversed.

MANTON, Circuit Judge, dissents with opinion.

MANTON, Circuit Judge (dissenting).

Appellee's proof of ownership, general employment, and customary use established a prima facie case, which means that there was a question of fact for the jury as to operation of the car for the appellant's business. From such proof the jury was permitted to infer, as its reason might dictate, either that the driver was, or was not, acting within the scope of his employment.

The evidence said to be erroneously admitted may have been a factor which determined the jury's verdict. In such case, it would be important and may well have been the decisive piece of evidence upon which the verdict was based. Therefore, it is essential to hold that the evidence of payment of a claim of a passenger in appellee's car, at the time of the accident, was an admission of the scope of employment of appellant's servant. A compromise is not ad-

missible as an admission because it is, in point of fact, no admission at all. It is referred to by Wigmore, § 1061, as a hypothetical concession, and is not an assertion. It does not imply a belief that the claim is well founded, but only that payment is to be preferred to the annoyance of a suit. In Tennant v. Hamilton, 7 C. L. & F. 122, it was said that "money paid upon a complaint made, paid merely to purchase peace, is no proof that the demand is well founded." See Rideout v. Newton, 17 N. H. 71; Snow v. Batchelder, 8 Cush. (Mass.) 513. So, when a person compromises a claim made against him, it cannot be said that he, by such act, admits the truth of any part of the claim.

However, a plain and forthright admission of the truth of a claim and payment thereof, even though the amount of damages is the result of a compromise, cannot be truly said to be a compromise. A compromise is hypothetical and therefore nonadmissible as an assertion. But if payment of a claim is absolute in terms, it is not a compromise but is, rather, an outright admission of the truth of the claim. Where there is no mere assumption that a claim is well founded, or payment thereof for the purpose of purchasing peace, there is no compromise. In such case there is an admission of the truth of the claim. Consequently, the question of whether the trial court was correct in admitting evidence of payment of the passenger's claim depends upon whether such payment was merely a hypothetical admission or was an absolute admission of the truth of the claim.

The distinction between an admission of the truth of a claim and a mere "purchase of peace" was observed in the leading case of Colburn v. Town of Groton, 66 N. H. 151, 28 A. 95, 22 L. R. A. 763. The facts in that case were quite similar to those present in the instant case. There the plaintiff brought an action to recover damages for personal injuries alleged to have been caused by the fault of the defendant. At the time of the accident, a passenger in plaintiff's vehicle received injuries, and plaintiff offered to show that the defendant had settled the passenger's claim for damages. On appeal, the court held that whether payment of the passenger's claim was an admission of liability, in which event it was admissible, or was a mere "purchase of peace," and nonadmissible, was a question for the judge to decide before admitting it in evidence. Whether or not payment of a

third party's claim is admissible in evidence, said the court, depends entirely upon the intent of the party making the payment. What the intent was is a question for the trial court. (The case cited states that the amount paid in settlement may be a circumstance to be considered in arriving at the intent with which the payment was made.)

In Grimes v. Keene, 52 N. H. 330, plaintiff offered to prove that the defendant had paid a passenger in his carriage for injuries caused by the same accident. It was held that such evidence was admissible on the ground that payment of the claim was an admission of the truth of the claim, especially in so far as no proof that the payment of the claim was a matter of compromise was offered by defendant.

In Phoenix Assurance Co. v. Davis, 67 F.(2d) 824 (C. C. A. 5), it was held that whether a transaction is a mere compromise or an admission is ordinarily a preliminary question for the trial judge, though if the evidence on this preliminary question is conflicting, the question may be submitted to the jury with proper instructions. The court thus observed the distinction between a "purchase of peace" and an admission.

In Weiss v. Kohlhagen, 58 Or. 144, 113 P. 46, it was held that it is permissible to offer in evidence proof that the party claimed to be liable had settled with others in the same position as the plaintiff.

In Manistee National Bank v. Seymour, 64 Mich. 59, 31 N. W. 140, it was stated to be the general rule that all admissions not made to make peace are admissible in evidence.

In Chicago, R. I. & P. Ry. Co. v. Rhodes, 21 Colo. App. 229, 121 P. 769, it was held that plaintiff in a suit to recover for the death of cattle alleged to have been killed by defendant, might offer in evidence proof that the defendant had paid another whose cattle were killed at the same time in the absence of proof by defendant that the payment was made merely to purchase peace.

In Michigan, etc., Ins. Co. v. Pere Marquette Ry. Co., 193 Mich. 429, 160 N. W. 599, it was held that the trial court should decide whether a payment is a compromise or an admission that a claim is well founded.

Therefore, if payment of the passenger's claim was an outright admission that the driver was acting within the scope of

his employment, it was admissible. The appellee offered evidence that the passenger claimed the appellant was liable to her for injuries inflicted by the appellee through its agent. Appellee then showed that the appellant paid the passenger's claim. Appellee offered this as an admission on the part of the appellant that the driver of the car was acting as appellant's agent and within the scope of his employment.

The court below admitted the testimony as an admission that the driver was appellant's agent acting within the scope of his authority. The appellant offered no evidence whatever that it was a hypothetical admission only; that is, merely a compromise. The appellant having offered no evidence, the trial court was correct in admitting it for the purpose offered, namely, as an admission rather than as evidence of a compromise for the purpose of purchasing peace.

The judgment should be affirmed.