CHAUTAUQUA AND ERIE TELE-
PHONE CORPORATION,
Plaintiff,

v.

FARM BUREAU MUTUAL FIRE INSUR-
ANCE COMPANY, Defendant.

Civ. A. No. 6951.

United States District Court
W. D. New York.

May 17, 1956.

J. Russell Rogerson, Jamestown, N. Y., for plaintiff.

Hodgson, Russ, Andrews, Woods & Goodyear, Buffalo, N. Y., for defendant, Grover R. James, Jr., Buffalo, N. Y., of counsel.

MORGAN, District Judge.

The plaintiff originally instituted suit in Chautauqua County, New York, Supreme Court, to cover amounts allegedly due under a policy of fire insurance, issued by the defendant, because of damage sustained to an automatic switchboard and telephone equipment owned by the plaintiff. The suit has been removed to the United States District Court for the Western District of New York.

The plaintiff, in its complaint, alleges that it had additional coverage for the same risk with the Phoenix Indemnity Insurance Company, Hartford, Connecticut, for the sum of not exceeding $1500 on building, and not exceeding $2500 on the telephone switchboard and equipment. Plaintiff's pleadings endeavor to show compliance with the 80% co-insurance clause in defendant's policy

Defendant objects to the inclusion of paragraph "Tenth" in the plaintiff's complaint, as follows:

"That the Phoenix Insurance Company has fully paid to the plaintiff its obligation under the policy of insurance issued by it to the plaintiff aforesaid, and that no sums are due and payable by the said Phoenix Insurance Company to the plaintiff under the said policy."

1. The plaintiff's complaint shows an existing contract of insurance with the defendant and the alleged performance of the plaintiff of such conditions precedent as are thereby provided by the contract with the defendant. Bogardus v. New York Life Insurance Co., 101 N.Y. 328, 4 N.E. 522.

2. The defendant does not move against the various paragraphs of the plaintiff's complaint which sets up a contract of fire insurance with the Phoenix Insurance Company and subsequent compliance with the 80% co-insurance clause as pleaded.

3. It is the considered opinion of the Court that the settlement or payment of a claim to the plaintiff by the Phoenix Insurance Company is not binding on the defendant. Wigmore on Evidence, Sec. 1061, Second Edition; Mutual Life Insurance Co. of New York v. City National Bank & Trust Co., 7 Cir., 86 F.2d 660.

4. It is hereby ordered that paragraph "Tenth" of the plaintiff's complaint be stricken from the plaintiff's complaint. Mutual Life Insurance Co. of New York v. Daigle, 5 Cir., 142 F.2d 1000; Hawthorne v. Eckerson Co., 2 Cir., 77 F.2d 844, 845.

Enter order accordingly.