**In the Matter of SUN OIL COMPANY, as owners of the M/T MAUMEE SUN, Petitioner-Appellee,**

**v.**

**Peter J. GOVOSTES et al., Claimants-Appellants.**

**No. 484, Docket 72–1754.**

United States Court of Appeals, Second Circuit.

Argued Feb. 27, 1973.

Decided Feb. 27, 1973.

Wilbur E. Dow, Jr., New York City, for claimants-appellants.

Frank J. Maley, New York City (Mendes & Mount, and Wilbur H. Hecht, New York City, on the brief), for petitioner-appellee.

Before KAUFMAN, ANDERSON and MANSFIELD, Circuit Judges.

PER CURIAM:

One of the bases for the trial court's decision in denying a salvage award to members of the crew of the *American Pilot* for services provided after her collision with the *Maumee Sun,* was the fact that the *Pilot* rendered no voluntary aid to the *Sun,* but was, instead, acting out of concern for her own safety. In Re Sun Oil Co., 342 F.Supp. 976 (S.D.N.Y.1972). This finding, although disputed by the appellants, was supported by substantial evidence.

The appellants further argue that a settlement between the owners of the two vessels for a salvage award of

$4,000 to the owner of the *Pilot* is dispositive on the liability question. There is no merit in this contention. Settlements are not to be used to establish liability against a party in other suits arising out of the same occurrence, Seaboard Shipping Corp. v. Jocharanne Tugboat Corp., 461 F.2d 500, 505 (2 Cir. 1972); Hawthorne v. Eckerson Co., 77 F.2d 844, 847 (2 Cir. 1935).

Because the finding and conclusion of the district court that there was no voluntary aid were sufficient to support the judgment, it is unnecessary to consider the question of whether or not the Stand By Act, 33 U.S.C. § 367 also would preclude recovery on the part of the crew.

The judgment is affirmed.