## Sperry, Appellant, *v.* White Star Lines, Inc.

Argued March 22, 1934. Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Louis Vaira,* of *Albo, Vaira & Catanzaro,* with him *J.
Warren Hunter,* for appellant.—The discussion of the
payment of workmen's compensation was harmful to the
plaintiff: Scranton G. & W. Co. v. Weston, 63 Pa. Supe-
rior Ct. 570; Lengle v. Twp., 274 Pa. 51.

*R. A. Applegate* and *Rose & Eichenauer,* for appellee,
were not heard.

PER CURIAM, May 21, 1934:
Plaintiff sued in trespass to recover for personal in-
juries sustained while traveling as a passenger on one of
defendant's buses from Dormont, Pennsylvania, to Mor-
gantown, West Virginia. When a short distance from
Waynesburg, Pennsylvania, the car, to allow a bus ap-
proaching from the opposite direction to pass, pulled
over until its right wheels were about a foot off the 14-
foot wide, semi-improved roadway. The right wheels
sank into the berm, causing the bus to tilt and dislodging
a traveling bag from the overhanging rack on the op-
posite side of the car. Plaintiff claims the bag, in fall-
ing, struck him on the head, inflicting the injury sued
for. A verdict was rendered for defendant, and plaintiff

appeals from refusal of the lower court to grant his motion for a new trial.

Appellant also contends the verdict is against the weight of the evidence, and alleges error in refusal of the court to grant plaintiff's motion to withdraw a juror and continue the case following a question by defendant's counsel as to whether or not plaintiff had received workmen's compensation for the injury.

The question of negligence on the part of the driver in turning his bus on to the berm (the testimony indicates it was necessary for both drivers to do so to enable the buses to pass, on account of the narrowness of the paved portion of the highway) was properly submitted to the jury under adequate instructions.

Regarding the action of defendant's counsel in injecting into the case a question as to receipt of workmen's compensation payments, we feel, in the circumstances, no harm was done to plaintiff. The question was not answered and the jury was immediately instructed to disregard it. Moreover, the purpose of the question was not to minimize an award of damages by showing payment of workmen's compensation, but rather to attack plaintiff's credibility by showing his disability could not have been continuous, as claimed, since compensation payments had stopped within a relatively short time. More conclusive, however, is the fact that the jury could not have been prejudiced in determining the amount of damages since they rendered a verdict for defendant, and consequently did not reach the point of considering that question. On this phase of the case our language in Rice v. Shenk, 293 Pa. 524, 527, is peculiarly appropriate: "We fail to see how it could be found from this that defendant's attorney was endeavoring to minimize the damages by showing the receipt of money by plaintiff from an insurance company. No amounts were named and nothing was stated from which the jury could have as much as surmised a sum paid, to be deducted from damages to be awarded, if they got that far, which

as a matter of fact they did not, as they found a verdict for defendant on the fundamental issues involved....."

Appellant has indicated no valid reason for the award of a new trial, and the order refusing the motion to that effect was properly entered.

Judgment affirmed.