## MEEK v. MILLER.
### No. 277 Civil.

District Court, M. D. Pennsylvania.
April 15, 1941.

See, also, 1 F.R.D. 162.

Albert Houck, of Lewistown, Pa., for plaintiff.

O'Malley, Hill, Harris & Harris, of Scranton, Pa., for defendant.

JOHNSON, District Judge.

This is a civil action to recover damages for personal injuries alleged to have been caused by the negligent operation of defendant's automobile. The case was tried before the court and jury, and a verdict rendered for the defendant. Plaintiff now moves for a new trial.

On July 24, 1937, automobiles driven by plaintiff and defendant collided head-on upon a highway near State College, Pennsylvania. The accident occurred about the middle of the afternoon during the course of a heavy rainstorm. Each party charged negligence.

Plaintiff has assigned eleven reasons for a new trial which may be summarized in two points under which they will be considered:

(1) The action of counsel for defendant in bringing to the attention of the jury that plaintiff had received compensation on account of his injury, that the plaintiff was protected by insurance, and that plaintiff's insurance company had admitted plaintiff's negligence by paying insurance claims of the defendant; and

(2) The verdict is against the weight of the evidence and is contrary to incontrovertible physical facts.

In the cross-examination of plaintiff, defendant's counsel, in attacking plaintiff's medical bills, asked who paid the bills, and the plaintiff answered that the State Compensation Fund paid part of them, and that some of the original bills were in the hands of the Compensation Board.

At most, the admission of this testimony might prejudice the jury's minds in determining the amount of damages to be awarded, but they found a verdict for defendant, finding specially that both parties were negligent. The jury was carefully instructed that before they could consider damages they must find, first, that defendant was negligent, and secondly, that plaintiff was not contributorily negligent. Since the jury never reached the point of considering the amount of damages, the admission of this testimony could not have prejudiced plaintiff's case: Rice v. Shenk, 293 Pa. 524, 527, 143 A. 231; Sperry v. White Star Lines, Inc., 315 Pa. 361, 363, 172 A. 646. No error resulted, therefore, from the admission of this testimony.

Later a Mr. Eason was called as a witness for plaintiff to prove that defendant had admitted to him that he was traveling 40 to 45 miles an hour at the time of the accident. On cross-examination, in attacking his credibility, defendant's counsel brought out that Eason represented plaintiff's insurance company. Then came the following question:

"Q. And as a result of your investigation of this accident, isn't it a fact that your company—

"(Counsel for plaintiff objects)

"Q. (Continuing) That your company found that the injuries that these two people, the Millers, sustained as a result thereof—

"The Court: I have very grave doubt about the propriety of that question.

"(By the questioner): Your Honor, here is the point. It all goes to the interest and credibility of this witness. If this investigation revealed certain facts, we have a right to inquire what his subsequent conduct was and then just what the result of his investigation was and whom it placed the blame upon. This is the purpose of it.

"The Court: However, any insurance company, or any agent, or any payment, how is that going to determine whether this man that was injured is entitled to recover? How can a gentleman of any other company determine the right of this plaintiff? The whole question is, was this plaintiff injured by the negligent operation of the defendant's car, without any contributory negligence of his own? That is all there is to it. All these collateral issues amount to nothing, excepting as proper ones may bear upon that question of the negligent operation of the car. * * * The question of insurance—insurance hasn't any bearing on the question. The fact is, ordinarily if you brought that out I would have to discontinue this case.

"Q. No other questions, Mr. Eason.": Trial Record, pages 53, 54.

The question is whether this line of cross-examination resulted in prejudice to plaintiff's case. The question was not completed, and no answer was given, but the statement of defendant's counsel in the hearing of the jury clearly brought to their attention the purpose of the question together with a clear implication of the anticipated answer that plaintiff's insurance company had determined plaintiff was at fault, and had paid defendant's claim against this plaintiff.

The twelfth paragraph of the affidavit of defense filed in this action alleged payment by plaintiff's insurance company of defendant's claim against the plaintiff, "the plaintiff thereby admitting negligence and responsibility for the accident." On motion of counsel for plaintiff, this paragraph was stricken out before trial, the order of this court of February 29, 1940, stating:

"Assuming the assertions of defendant's paragraph 12 can be proved, the matter set forth therein would not be admissible in evidence. The fact that plaintiff's insurance company paid defendant's claims against plaintiff does not show an admission of liability by the plaintiff. It shows only a compromise of defendant's claims against plaintiff. Such payment stands in no better position as evidence than an offer of compromise, which latter is inadmissable as proof of admission of liability. Ross v. Fishtine, 1931, 277 Mass. 87, 177 N.E. 811; Hawthorne v. Eckerson Co., 2 Cir., 77 F.2d 844. It will not help defendant's case in any particular if he could prove such payment, but on the other hand, to allow the contested allegation to remain in the pleadings might result in prejudice to the plaintiff." Meek v. Miller, D.C., 1 F.R.D. 162, 163.

In other words, counsel for defendant knew before trial that proof of such payment was inadmissable by specific ruling of the court in this very case. It is true the question was not completed, although counsel tried hard to complete it before being stopped by the court. Failing in this, counsel then proceeded in the hearing of the jury to state that he was seeking to obtain from the witness a statement where the blame for the accident was placed by plaintiff's insurance company. Any intelligent jury would know that defense counsel would not ask such a question if he expected an answer adverse to his client's claim. The jury might, therefore, draw the inference that plaintiff's insurance company had placed the blame on plaintiff, and had paid defendant's claims. This was exactly the irrelevant and prejudicial information which the court had sought to forestall in its order striking out the twelfth paragraph of the affidavit of defense.

Counsel states that his purpose in asking the question was to attack the credibility of the witness. It is inescapable, however, that the question and the discussion placed before the jury prejudicial matter previously ruled inadmissible by this court. Practically everything was brought to the jury's attention which would have been placed before them had the question been answered. The question also necessitated the court instructing the jury, again calling the matter to their attention, and not lessening the prejudice already injected: Dempsey v. Baltimore & O. R. R. Co., D. C., 219 F. 619; Stoskoff v. Wicklund, 49 N.D. 708, 193 N.W. 312; Ronan v. J. G. Turnbull Co., 99 Vt. 280, 131 A. 788; Note, 109 A.L.R. 1089 et seq. After a careful consideration of this matter, the court is of the opinion that prejudice resulted, and that a new trial should be granted.

Secondly, plaintiff contends the verdict is against incontrovertible physical facts. The physical facts relied upon are the location of skid marks on the road, the location where plaintiff's radiator cap was found, and the location of most of the broken glass on plaintiff's side of the road. The evidence does not establish a proper case for the application of the rule of incontrovertible physical facts. Although the position of vehicles with the marks upon the road after the collision throws some light upon the accident, their location was not such an incontrovertible physical fact as demonstrates that plaintiff's version was true. Incontrovertible physical facts are never established by oral evidence as to the position of movable objects: Winters v. York Motor Express Co., 116 Pa.Super. 421, 426, 176 A. 812, and cases there cited.

For the above stated reasons, plaintiff's motion for a new trial is granted and a new trial is ordered.