**VAN HOUSE v. ACORN STEEL CO., Inc.**

Civ. No. 3222.

District Court, E. D. Pennsylvania.

Feb. 9, 1944.

William F. Quinlan and John J. McDevitt, Jr., both of Philadelphia, Pa., for plaintiff.

Jay B. Leopold and Max E. Cohen, both of Philadelphia, Pa., for defendant.

BARD, District Judge.

This matter arises upon defendant's motions to set aside the verdict or for a new trial.

The action was brought to recover damages for the death of plaintiff's husband allegedly as a result of the negligence of the driver of a truck owned by defendant. Testimony on behalf of the plaintiff indicated that defendant's truck was travelling along Highway 532 in Pennsylvania at a high rate of speed and straddling the white line painted in the center of the highway. Decedent was travelling on a motorcycle on Killian Trail, which makes a "T" intersection with Highway 532. The ground to the right of Killian Trail at the intersection is several feet high and blocks the view to the right along Highway 532. Decedent, travelling at about ten miles an hour, arrived at the intersection, looked to the left for approaching traffic and turned right into the right-hand portion of Highway 532. His motorcycle came into contact with the left fender and left side of the defendant's truck, and he was thrown a considerable distance and killed instantly.

The case was submitted to the jury, which found for the plaintiff.

Defendant's motion to set aside the verdict is based on the ground that no negligence on the part of its driver was shown and that decedent was guilty of contributory negligence as a matter of law. It argues that the case falls within the "incontrovertible physical fact rule" which precludes the submission to the jury of evidence at variance with incontrovertible physical facts. The facts relied upon by defendant to bring this case within that rule are the location of skid marks found on Highway 532 by a police officer who investigated the accident and the location of the damage to defendant's truck. The incontrovertible physical fact rule is applicable only in clear cases, Keck v. Philadelphia Rapid Transit Co., 314 Pa. 389, 171 A. 478. In the case at bar the evidence relied upon by defendant is not so conclusive as to render plaintiff's evidence as to the manner in which the accident occurred too incredible for the jury to consider. Compare Meek v. Miller, D.C., 38 F.Supp. 10.

With respect to contributory negligence, none of the cases cited by defendant requires a holding, under the evidence produced in this case, that decedent was guilty of contributory negligence as a matter of law.

In its motion for a new trial, defendant challenges the correctness of the charge as to the measure of damages. Defendant concedes that the charge on this point was in complete accord with the language of Mr. Justice Stern, speaking for the Supreme Court of Pennsylvania, in the recent case of Pezzulli v. D'Ambrosia, 344 Pa. 643, 26 A.2d 659, but contends that the discussion on this question in the opinion in that case was obiter dictum and would not be adhered to if the question came up squarely for decision. Since defendant has cited no other decisions casting doubt that the Supreme Court of Pennsylvania would follow its recent careful pronouncement on this question, there is no ground for holding that the charge was in error on this point.

Motions denied.