CARMEN BEATRIZ RAMÍREZ, peticionaria, *v.* CORTE DE DISTRITO DE MAYAGÜEZ, HON. R. RAMÍREZ PABÓN, JUEZ, demandada.

Núm. 1611.—*Sometido:* Noviembre 5, 1945. *Resuelto:* Noviembre 13, 1945.

*J. A. Surís Agraít,* abogado de la peticionaria; *José M. Ramírez de Arellano,* abogado del interventor, demandado en el pleito principal.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

La Corte de Distrito de Mayagüez en un caso de desahucio apelado de la Corte Municipal de San Germán, dictó sentencia declarando sin lugar la demanda. Si bien el Juez no dictó una opinión al resolver el caso, en dicha sentencia hizo constar lo siguiente:

"La Corte, después de apreciar la prueba documental y testifical practicada por las partes y de estudiar detenidamente los alegatos presentados en relación con las defensas especiales levantadas por el demandado en su contestación a la demanda enmendada, por el resultado de la prueba practicada declara sin lugar en todas sus partes la demanda interpuesta en este caso y condena a la demandante al pago de las costas de esta acción, sin incluir honorarios de abogado."

La demandante en dicho caso solicitó de la corte que dictara una opinión fundamentando su sentencia y la corte, después de oír a las partes, denegó dicha moción, y la demandante solicita que esta Corte Suprema expida un auto de *certiorari* para revisar esta actuación de la corte inferior.

▆▆▆▆ Si bien es cierto que la Regla 52(*a*) de las Reglas de Enjuiciamiento Civil dispone en lo pertinente que:

"En todos los casos la corte expondrá los hechos que estime probados y separadamente consignará sus conclusiones de derecho y ordenará que se anote la sentencia correspondiente; . . . . No será necesario solicitar que se consignen conclusiones de hecho y de derecho a los efectos de una revisión. Las conclusiones de hecho basadas en testimonio oral no se dejarán sin efecto a menos que sean claramente erróneas y se tomará en cuenta la oportunidad de la corte sentenciadora para juzgar de la credibilidad de los testigos. . . ."

es obvio que el fin primordial de dicha disposición es poner a esta Corte Suprema en condiciones de poder determinar si las conclusiones de hecho y de derecho a que llegó la Corte de Distrito estuvieron justificadas o no y que el hecho de que dicha corte no las consignara no priva a una parte del derecho de revisión cuando ésta proceda.

De acuerdo con el artículo 10 de la Ley de Desahucio (Art. 629 del Código de Enjuiciamiento Civil) en la acción

de desahucio sólo se concede una apelación y en su consecuencia la sentencia dictada por la corte inferior en este caso no es apelable para ante este Tribunal. El hecho de que la corte inferior no diera cumplimiento a la Regla 52 (a), supra, en un caso como el de autos, no constituye un error de procedimiento que justifique la expedición del auto solicitado. *Debe desestimarse la petición.*