José Antonio Ramos Robles, etc., Plaintiff and Appellee, v. Rosario Rosario, Defendant and Appellant, and San Miguel & Cía., Defendant.

No. 9469. Argued June 11, 1947.—Decided July 24, 1947.

*Clemente Ruiz Nazario* and *F. L. San Miguel* for appellant.  *Angel Rivera Colón* for appellee.

Mr. Justice Marrero delivered the opinion of the Court.

José Antonio Ramos Robles, a minor, filed an amended complaint in the District Court of Arecibo, and alleged in substance: that he appeared represented by his father with *patria potestas* Alfonso Ramos Roque; that on July 24, 1945, at or about 4 or 5 o'clock in the afternoon, Enrique Martínez,

a chauffeur, was driving motor truck H–2280, owned by the defendant Rosario Rosario, over the insular highway which leads from Ciales to Manatí; that while the plaintiff minor was traveling over said insular highway, on his right, and in the same direction as the truck, said Enrique Martínez overran him, causing him various injuries, which are described in the complaint; that upon the plaintiff receiving said injuries his condition was very serious and that on the same day of the accident he was taken to the District Hospital of Arecibo where he is still hospitalized and is under medical treatment; that the accident was due to the gross negligence and recklessness of the driver Enrique Martínez who operated said truck loaded with sand and gravel at an excessive speed, well aware that said vehicle had no brakes or that they were defective, without at any moment sounding a horn or warning apparatus, and without reducing his speed; that said truck, at the time of the accident, belonged exclusively to the defendant Rosario, the driver working in the truck as an employee of said defendant and in the ordinary course of his employment; that by reason of the accident the plaintiff has been unable to continue his studies, will remain totally incapacitated, has suffered intense physical and mental pains, and sustained damages which he reasonably estimates at $6,000; and that when the accident occurred the vehicle was insured with codefendant San Miguel & Co., Inc.

The defendants in their answer denied the essential averments of the complaint and set up as affirmative defenses: that the accident was an unfortunate and unavoidable event, in which there was no fault or negligence on the part of the driver Enrique Martínez, the proximate, immediate, and sole cause of the same being the negligence of the parents of the minor and the carelessness of the latter in traveling over said public highway, in a small wooden cart, accompanied by a brother of his, without being escorted by their parents; and that, in the alternative, the sole, proximate, and imme-

diate cause of the accident was the contributory negligence on the part of the parents of the injured minors.

Upon the holding of the corresponding trial, at which ample oral testimony was taken and documentary evidence introduced, the District Court of Arecibo rendered judgment dismissing the complaint as to codefendant San Miguel & Co., Inc., and adjudging defendant Rosario Rosario to pay to the plaintiff the sum of $2,000, together with costs and $300 as attorney's fees.

The defendant has appealed to this Court and in the brief filed, he charges the commission of eight errors by the lower court. Although this case seems to us entirely clear and simple, we shall discuss the errors assigned in the same order in which they have been stated by the appellant.

■■ In the first assignment he maintains that the lower court erred "in admitting in evidence, over the strenuous objection of the defendant-appellant, the birth certificate of the plaintiff minor to prove the capacity of the father to represent the plaintiff minor." An examination of the evidence adduced and of the birth certificate itself introduced in evidence, convinces us that there is no error. Let us see. The birth certificate shows that the plaintiff José Antonio Ramos Robles was born on February 14, 1932, Alfonso Ramos Roque being his father, and María Robles Robles, his mother. From the oral evidence introduced it likewise appears that the plaintiff minor always regarded Alfonso Ramos Roque as his father and that the latter always regarded him as his son. Also, that María Robles Robles considered said minor as her child and that the latter considered her as his mother. The three of them testified to that effect at the trial. It is true that the evidence introduced also shows that Alfonso Ramos Roque, at the time of the conception and birth of the child, was married to a woman other than the mother of the minor. Under these circumstances, in accordance with the legislation in force at the time of his birth, the plaintiff should be considered as an adulterous child of Ramos Roque

having no other right than to claim support from his father, once the paternity is shown.[1]  However, in accordance with Act No. 229 of May 12, 1942 (Laws of 1942, p. 1296), the children born out of wedlock prior to the effective date of the Act, and who lack the status of natural children according to previous legislation may be acknowledged by the voluntary action of the parents.[2]  This Act does not tell us in a clear and definite manner in what shall consist the voluntary action of the father tending to acknowledge his illegitimate child born prior to the taking effect of the Act, and, although in *Correa* v. *Heirs of Pizá,* 64 P.R.R. 938, this Court stated that "It is therefore evident that under § 125 (of the Civil Code) status as a natural child is conferred voluntarily by the father *by a written instrument only,*" it is no less true that pursuant to § 31 of Act No. 24 of April 22 of 1931 (Laws of 1931, p. 228), as amended by Act No. 117 of May 12, 1943 (Laws of 1943, pp. 344, 351) "when the recognition of a natural child is made in a public document or *in an affidavit,* the presentation of said document *or affidavit* will be sufficient for the keeper of the register of vital statistics to proceed to register the same, . . ."  (Italics ours.) In the instant case, the parties admitted—although we have failed to find in the record any direct evidence to the effect—that sometime after the accident and prior to the day of the trial, Alfonso Ramos Roque made an affidavit acknowledging the plaintiff minor as his natural child and that this affidavit was taken in due course to the Vital Statistics Registry.  In these circumstances, the acknowledgment of the child is in accord with the amendment of 1943, *supra,* and, consequently, it can not be maintained that the court erred in admitting said certificate in evidence.

---

[1] Section 128 of the Civil Code, 1930 ed., which provides that "the illegitimate children lacking the lawful qualification of natural children are only entitled to such support from their parents, as is prescribed in section 143."

[2] The amendment introduced by Act No. 243 of May 12, 1945 (Laws of 1943, p. 814) does not alter that situation.

■ The motion for nonsuit presented by the defendant at the close of the evidence for the plaintiff was directed, not precisely to the weight of the evidence introduced, but rather to impeach the birth certificate already admitted. Assuming, as we must, for the purpose of said motion, that the evidence introduced up to that moment by the plaintiff was true, and considering the reasons set forth in the preceding paragraph in connection with said certificate, we think that the lower court was amply justified in dismissing the motion submitted to it.

■ The defendant also urges that the district court erred in appointing Alfonso Ramos, who up to that time appeared as father with *patria potestas* over the plaintiff minor, as his guardian *ad litem*. As we indicated in making a summary of the complaint, the minor appeared represented by his father with *patria potestas* Alfonso Ramos Roque. At the terminal stage of the trial, the question of whether Ramos Roque was entitled to appear as father with *patria potestas* over the minor repeatedly arose. At page 115 of the transcript of the evidence, it appears that the court, after setting forth its views regarding the question raised stated: "the court understands that § 56 of the Code of Civil Procedure empowers this Court to proceed with this case in the established manner and in order *to cure any defect the court also appoints Alfonso Ramos guardian ad litem of the plaintiff. . .*" (Italics ours.) The court really should not have referred to § 56 of the Code of Civil Procedure, inasmuch as, since September 1, 1943, the date on which the new Rules of Civil Procedure for the Courts of Puerto Rico took effect, Rule 17(*f*) provides in part that every minor "must appear *by his father or mother with patria potestas, if living, and in default thereof,* by his general guardian, or by a guardian *ad litem* appointed by the court in which the action is pending, or by a judge thereof, in each case." (Italics ours.) As from the court's order itself it appears that Alfonso Ramos Roque continued to represent his son in the

case principally in his capacity as father with *patria potestas*, and his appointment as guardian *ad litem* was in the nature of a supplemental act, it is not necessary to go into a lengthy discussion of said assignment, since if any error was committed, in view of the attendant circumstances, the same would never give rise to the reversal sought.

■■ The defendant further urges that the lower court erred in not considering the affirmative defenses of negligence of the plaintiff and his parents, or at least of the contributory negligence on the part of the minor. The evidence adduced by the plaintiff tended to show that on the day and at the hour indicated, José Antonio Ramos and his elder brother, Héctor Luis, riding in a wooden cart with rollerskate wheels, traveled on the right side of the highway leading from Ciales to Manatí; that at that very moment the truck of the defendant, driven by Enrique Martínez and loaded with gravel and sand, came in the same direction descending a slope, without brakes, at an excessive speed and without sounding any warning apparatus; and that in so doing, said truck collided with the cart of the minors, one of the latter falling under the differential of the vehicle and the other under its left double wheel (*guareta*), Héctor Luis dying as the result of the accident and the plaintiff minor suffering severe injuries.

On the other hand, the evidence for the defendant tended to show that the accident was due solely to the negligence of the minors, who at the moment of the accident descended in a cart, over the left side of the highway, and who, upon seeing a bus of the López Bus Line which approached in the opposite direction, became confused at the very moment that the truck passed by their side and carelessly placed themselves under the rear-left double wheel of the truck.

The lower court, which hears the evidence directly from the lips of the witnesses appearing before it, and which observes their demeanor, gestures, and reactions, is in a better

position than we are to weigh the evidence. Said court, in the discharge of its duty, weighed the evidence as a whole, resolved the conflict, reached the conclusion that the accident was due exclusively to the fault and negligence of the chauffeur of the defendant, and totally discarded as incredible the evidence introduced by the latter. In matters pertaining to the weighing of the evidence, it has been the constant practice of this Court not to disturb the findings made below unless this Court is convinced that the lower court has committed manifest error or has acted under the influence of passion, prejudice, or partiality.[3] The careful study we have made of the evidence introduced by the parties does not convince us that the District Court of Arecibo, in resolving the conflict and reaching the conclusion it did, manifestly erred in weighing the evidence or was at all moved by passion, prejudice or partiality. Under these circumstances, we feel bound not to disturb its findings. Rule 52($a$).

Nor do we think that the lower court erred "in not giving due consideration to the prior adjudications in this jurisdiction, applicable because of their similarity to the instant case." The tort cases passed upon by this Court have been quite numerous, and several of them bear some resemblance to the present one. Nevertheless, in view of the clear and convincing way in which the witnesses for the plaintiff related the facts, and taking into account the fact that the lower court totally discarded the evidence for the defendant, we do not think that that court was necessarily bound to mention the prior decisions of this Court applicable to the situation involved. Its opinion is short but convincing, and although it is true that in it no precedent is cited, pursuant to Rule 52($a$)[4], the court made its findings of fact and con-

[3] *Rivera* v. *López*, 66 P.R.R. 201; *Machuca* v. *Water Resources Authority*, 66 P.R.R. 174; *Graniela* v. *Yolande, Inc.*, 65 P.R.R. 100; *López* v. *Álvarez*, 64 P.R.R. 385; *Rivera* v. *Rossi*, 64 P.R.R. 683; *Figueroa* v. *Am. Railroad Co.*, 64 P.R.R. 320; *Hernández* v. *Acosta*, 64 P.R.R. 166; *Velázquez* v. *Heirs of Blanco*, 50 P.R.R. 282.

[4] Cf. *Ramírez* v. *District Court*, 65 P.R.R. 330.

clusions of law and rendered judgment accordingly. We do not think that in so doing it committed any error whatsoever.

■ The defendant likewise maintains that the lower court erred "in not giving due consideration to the doctrine of incontrovertible physical facts, applicable to the present case and also timely submitted to it in the above-mentioned brief of the defendant, appellant herein." The doctrine of incontrovertible physical facts has been amply discussed by text writers on evidence and negligence. However, when the facts testified to by the witnesses of a party are wholly probable, are believed by the court, and adjust themselves or can be adjusted to the actual situation involved, said doctrine is inapplicable.[5]

■ The defendant charges the lower court with passion, prejudice, and partiality, as well as with manifest error in the weighing of the evidence. This question has already been discussed and decided by us when referring to the weighing of the evidence as a whole by the court. Nevertheless, as from the record it specifically appears that the judge made certain statements and questions which may possibly have given the impression that he was prejudiced, we shall refer to them presently: At page 104 of the transcript of the evidence it appears that when the attorney for the plaintiff moved that San Miguel & Co., Inc., be stricken out as a party defendant, the judge stated: "From whom will you collect, then?" And that when said attorney answered: "We let the complaint stand as to Rosario Rosario," the judge said: "I won't be more exacting than the interested party." (*No voy a ser más papista que el Papa*). At page 115 of the transcript there appears the following incident: After the court had appointed Alfonso Ramos Roque as guardian *ad litem* of the minor, one of the attorneys for the defendant

---

[5] *Adams* v. *Armour & Co.,* 16 A.(2d) 142 (1940); *Cunningham* v. *Pennsylvania R. Co.,* 43 A.(2d) 825; *Mull* v. *Bothwell,* 12 A. (2d) 561; *Van House* v. *Acorn Steel Co.,* 53 F. Supp. 990; cf. *Navarro* v. *Compañía Azucarera "El Ejemplo",* 53 P.R.R. 692.

took exception to the order of the court, " . . . and very specially we present our objection." The judge stated that the only thing that counsel could do was to take an exception but that he could not criticize the order of the court. Counsel pressed his objection and the court stated once more that what it admitted was the entry of an exception in the record, saying later to the attorney: "Take an exception, and on appeal in the Supreme Court, you may argue anything you wish." The record also shows other slight incidents similar to those set forth above. However, we are of the opinion that the statements of the court did not show passion, prejudice, or partiality, but rather arose from the zeal which every judge must show in dealing with the matters submitted to him, or were words spoken without prejudging the case in any way.

The eighth error assigned is likewise nonexistent, as, in our opinion, the lower court weighed the evidence correctly.

Since none of the errors assigned has been committed, the judgment appealed from should be affirmed.