EL MENOR JOSÉ ANTONIO RAMOS ROBLES, representado por su padre con patria potestad ALFONSO RAMOS ROQUE, demandante y apelado, *v.* ROSARIO ROSARIO y SÁN MIGUEL & CÍA., INC., demandados y apelante el primero.

Núm. 9469.—*Sometido:* Junio 11, 1947. *Resuelto:* Julio 24, 1947.

*Clemente Ruiz Nazario* y *F. L. San Miguel,* abogados del apelante; *Angel Rivera Colón,* abogado del apelado.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

El menor José Antonio Ramos Robles presentó demanda enmendada ante la Corte de Distrito de Arecibo, en que sustancialmente alega: que comparece representado por su padre con patria potestad Alfonso Ramos Roque; que el 24 de julio de 1945, como de 4 a 5 de la tarde, el chófer Enrique Martínez conducía por la carretera insular que va de Ciales a Manatí el vehículo de motor H–2280, propiedad del demandado Rosario Rosario; que mientras el menor demandante caminaba por dicha carretera insular, por su derecha, y en la misma dirección del *truck,* el citado chófer Enrique Martínez le arrolló, causándole distintas lesiones, que describe en la demanda; que al recibir el demandante dichas lesiones su condición era sumamente grave y el mismo día del accidente fué recluído en el Hospital de Distrito de Arecibo, donde hasta la fecha permanece hospitalizado y bajo tratamiento médico; que el accidente se debió a la negligencia e imprudencia temeraria del chófer Enrique Martínez, quien conducía el referido camión cargado de arena y grava a una velocidad excesiva, teniendo conocimiento de que dicho vehículo no tenía frenos y de que éstos estaban defectuosos, sin tocar en ningún momento bocina o aparato de alarma y sin reducir su velocidad; que el aludido camión era para la fecha del accidente de la exclusiva pertenencia del demandado Rosario, estando el chófer trabajando en el camión como empleado del demandado y en el desempeño corriente de su empleo; que con motivo del accidente el demandante no ha podido continuar estudiando, quedará incapacitado totalmente, ha sufrido intensos dolores físicos y

mentales y daños y perjuicios que razonablemente estima en $6,000; y que para la fecha del accidente el vehículo estaba asegurado con la codemandada San Miguel & Cía., Inc.

Los demandados contestaron negando los hechos esenciales de la demanda y alegando como defensas afirmativas: que el accidente fué un suceso desgraciado e inevitable, en el cual no medió culpa o negligencia del chófer Enrique Martínez, siendo la causa próxima, inmediata y única del mismo, la negligencia de los padres del menor y la imprudencia de éste al discurrir por dicha vía pública montado en un carrito pequeño de madera acompañado de su otro hermano sin ser custodiados por sus padres; y que, en la alternativa, la única causa próxima e inmediata del accidente lo fué la negligencia contribuyente de parte de los padres de los menores arrollados.

Celebrado el juicio correspondiente y luego de desfilar amplia prueba testifical y de aducirse evidencia documental, la Corte de Distrito de Arecibo dictó sentencia teniendo al demandante por desistido en cuanto a la codemandada San Miguel & Cía., Inc. y condenando al demandado Rosario Rosario a pagar al demandante la suma de $2,000, más las costas y $300 para honorarios de abogado.

El demandado ha apelado para ante este Tribunal y en el alegato radicado imputa la comisión de ocho errores a la corte inferior. Aunque el caso nos parece enteramente claro y sencillo, discutiremos los errores señalados en el orden en que éstos han sido asignados por el apelante.

Sostiene en el primero que la corte sentenciadora cometió error "al admitir en evidencia, luego de una tenaz oposición por parte del demandado apelante, la certificación creditiva del nacimiento del menor demandante para probar la capacidad del padre compareciente para representar al menor demandante." Un examen de la prueba aportada y del propio certificado de nacimiento ofrecido en evidencia nos convence de que no existe el error. Veamos: del acta

de nacimiento se desprende que el demandante José Antonio Ramos Robles nació el día 14 de febrero de 1932, siendo Alfonso Ramos Roque su padre y María Robles Robles su madre. Asimismo, de la evidencia testifical aportada se deduce que el menor demandante siempre tuvo a Alfonso Ramos Roque por padre y que éste siempre lo tuvo a él por hijo. También, que María Robles Robles tuvo a dicho menor como hijo y que él la tuvo a ella como madre. Los tres declararon en el juicio a ese efecto. Es cierto que de la prueba ofrecida también se colige que Alfonso Ramos Roque para la fecha de la concepción y nacimiento del niño estaba casado con una mujer distinta a la madre del menor. Bajo esas condiciones, de acuerdo con la legislación existente a la época de su nacimiente, el demandante debía considerarse como un hijo adulterino de Ramos Roque sin otro derecho que el de solicitar alimentos de su presunto padre, una vez demostrada la paternidad.[1] Empero, de conformidad con la Ley núm. 229 de 12 de mayo de 1942 (pág. 1297) los hijos nacidos fuera de matrimonio con anterioridad a su vigencia y que no tenían la condición de naturales bajo la legislación anterior, pueden ser reconocidos por acción voluntaria de sus padres.[2] No nos dice esa ley de manera clara y terminante en qué ha de consistir la acción voluntaria del padre tendiente a reconocer al hijo ilegítimo nacido con anterioridad a su vigencia, y si bien en *Correa* v. *Sucesión Pizá,* 64 D.P.R. 987, 990, este Tribunal manifestó que "es evidente que bajo el artículo 125 (del Código Civil) se confiere *status* como hijo natural voluntariamente por el padre *sólo mediante instrumento público,*" sin embargo, no es menos cierto que a tenor del artículo 31 de la Ley núm. 24 de 22 de abril de 1931 (pág. 229), según fué enmendado por la Ley núm.

[1] Artículo 128 del Código Civil, edición de 1930, el cual dispone que "los hijos ilegítimos en quienes no concurra la condición legal de naturales, sólo tendrán derecho a exigir de sus padres alimentos, conforme al artículo 143."

[2] La enmienda introducida por la núm. 243 de 12 de mayo de 1945 (pág. 815) no altera esa situación.

117 de 12 de mayo de 1943 (págs. 345, 347) "cuando el reconocimiento de un hijo natural se hiciere en documento público o *en una declaración jurada,* bastará la presentación de dicho documento *o declaración* para que el Encargado del Registro Demográfico proceda a inscribir el mismo, . . ." (Bastardillas nuestras.) En el presente caso las partes admiten—aunque en los autos no hemos encontrado prueba directa de ello al efecto—que algún tiempo después del accidente y con anterioridad al día del juicio, Alfonso Ramos Roque prestó una declaración jurada reconociendo como hijo natural al menor demandante y que tal declaración jurada fué llevada en su oportunidad al Registro Demográfico. Bajo esas condiciones el reconocimiento del hijo se ajusta a la enmienda de 1943, supra, no pudiendo sostenerse, en su consecuencia, que la corte cometiera error al admitir en evidencia dicha acta.

◼ La moción de *nonsuit* presentada por el demandado al finalizar la prueba del demandante se dirigía no precisamente al peso de la evidencia aducida, sino más bien a atacar el acta de nacimiento ya admitida. Aceptando como cierta a los fines de tal moción, como es nuestro deber hacerlo, la prueba hasta entonces ofrecida por el demandante, y dados los razonamientos expuestos en el párrafo anterior en relación con dicha acta, nuestro criterio es que la corte inferior estuvo plenamente justificada al declarar sin lugar la moción presentádale.

◼ También sostiene el demandado que la corte de distrito cometió error al designar a Alfonso Ramos, quien hasta ese momento comparecía como padre con patria potestad sobre el menor demandante, defensor judicial de éste. Según indicamos al hacer una reseña de la demanda, el menor compareció representado por su padre con patria potestad Alfonso Ramos Roque. En el curso del juicio y cuando ya el mismo estaba en sus postrimerías surgió reiteradamente la cuestión de si Ramos Roque podía comparecer como padre

con patria potestad del menor. En la página 115 de la transcripción de evidencia aparece que la corte, luego de exponer cuál era su criterio en relación con la cuestión planteádale manifestó: "la Corte entiende que el artículo 56 del Código de Enjuiciamiento Civil facultaría a este tribunal para continuar el caso en la forma establecida, *y para obviar cualquier defecto la corte designa también a Alfonso Ramos defensor judicial del menor demandante . . . ."* (Bastardillas nuestras.) Realmente la corte no debió referirse al artículo 56 del Código de Enjuiciamiento Civil, ya que desde el 1 de septiembre de 1943, fecha en que empezaron a regir las nuevas Reglas de Enjuiciamiento Civil para las Cortes de Puerto Rico, la Regla 17(*f*) dispone en parte que todo menor "deberá comparecer *por medio de su padre o madre con patria potestad, si los tuviere, y en su defecto,* por medio de su tutor general, o de un defensor nombrado por la corte que entienda en el asunto, en cada caso, o por el juez de la misma." (Bastardillas nuestras.) Como de la propia resolución de la corte se desprende que Alfonso Ramos Roque continuaba en el caso representando a su hijo primordialmente en su carácter de padre con patria potestad y que el nombramiento de defensor judicial se hizo como algo complementario, es innecesario discutir con amplitud este señalamiento, ya que de haberse cometido el error, consideradas las circunstancias que concurren, el mismo nunca daría lugar a la revocación solicitada.

También imputa error el demandado a la corte inferior al no considerar ésta las defensas afirmativas de negligencia del demandante y sus padres, o por lo menos de negligencia contribuyente por parte del menor. La prueba aducida por el demandante tendió a demostrar que el día y a la hora indicados José Antonio Ramos y su hermano mayor, Héctor Luis, montados en un carrito de madera, con ruedas de patines, discurrían por el lado derecho de la carretera que conduce de Ciales a Manatí; que en ese mismo

instante el camión del demandado, guiado por el chófer Enrique Martínez, venía en igual dirección, cargado de grava y arena, bajando una pendiente, sin frenos, a velocidad exagerada y sin sonar aparato de alarma; y que al así hacerlo, dicho camión chocó con el carrito de los menores, cayendo uno de éstos debajo del diferencial y el otro debajo de la "guareta" izquierda del vehículo, falleciendo Héctor Luis como resultado del accidente y sufriendo el menor demandante severas lesiones.

Por otra parte, la prueba del demandado tendió a demostrar que el accidente se debió tan sólo a la negligencia de los menores, quienes en el momento indicado discurrían en un carrito, por la izquierda de la carretera, y quienes al ver una guagua de la Línea López que venía en dirección contraria se ofuscaron en el momento preciso en que el camión pasaba por el lado de ellos y éstos descuidadamente se colocaron bajo la "guareta" trasera izquierda del camión.

La corte inferior, que oye la prueba directamente de los labios de los testigos que acuden ante ella a declarar, que nota sus gestos, ademanes y reacciones, está en mejores condiciones que nosotros para aquilatar la prueba. Dicha corte en cumplimiento de su deber apreció la evidencia en conjunto, dirimió el conflicto, llegó a la conclusión de que el accidente se debió exclusivamente a la culpa y negligencia del chófer del demandado y descartó totalmente por increíble la prueba aducida por éste. Cuando de apreciación de prueba se trata, ha sido práctica invariable de este Tribunal no alterar la conclusión a que ha llegado la corte inferior, a no ser que se nos convenza de que ella ha cometido manifiesto error o ha actuado movida por pasión, prejuicio o parcialidad.[3] El detenido estudio que hemos hecho de la evi-

---

[3] *Rivera* v. *López*, 66 D.P.R. 210; *Machuca* v. *Autoridad Fuentes Fluviales*, 66 D.P.R. 182; *Graniela* v. *Yolande, Inc.*, 65 D.P.R. 107; *López* v. *Alvarez*, 64 D.P.R. 404; *Rivera* v. *Rossi*, 64 D.P.R. 718; *Figueroa* v. *Am. Railroad Co.*, 64 D.P.R.; 335; *Hernández* v. *Acosta*, 64 D.P.R. 171; *Velázquez* v. *Sucn. Blanco*, 50 D.P.R. 294.

dencia aportada por las partes no nos convence de que la Corte de Distrito de Arecibo al resolver el conflicto y llegar a la conclusión que llegó estuviera manifiestamente equivocada en sus apreciaciones o actuara en forma alguna movida por pasión, prejuicio o parcialidad. Bajo estas condiciones nos sentimos constreñidos a no alterar sus conclusiones. Regla 52(a).

■ Tampoco creemos que la corte inferior errara "al no dar la debida consideración a los precedentes jurisprudenciales de esta jurisdicción aplicables, por su similitud, al presente caso." Innumerables han sido los casos de daños y perjuicios resueltos por este Tribunal, teniendo algunos de ellos bastante semejanza con el presente. No obstante, dada la forma clara y convincente en que los testigos de la parte demandante relataron los hechos y tomando en consideración que la corte inferior descartó totalmente la prueba del demandado, no creemos que ella estuviera necesariamente obligada a hacer mención de los precedentes de este Tribunal aplicables a la situación que estaba considerando. Su opinión es corta, pero convincente, y si bien es verdad que en ella no se cita ningún precedente, sin embargo en armonía con la Regla 52(a)(⁴) la corte hizo sus conclusiones de hecho y de derecho y dictó sentencia de acuerdo con las mismas. No creemos que al así hacerlo cometiera error de clase alguna.

■ Asimismo sostiene el demandado que la corte inferior erró "al no dar la debida consideración a la doctrina de hechos físicos incontrovertibles aplicable al presente caso y expuéstale también oportunamente en el mencionado alegato del demandado hoy apelante." La doctrina de hechos físicos incontrovertibles ha sido discutida ampliamente por tratadistas en materia de evidenca y negligencia. No obstante, cuando los hechos relatados por los testigos de una

---

(⁴)*Cf. Ramírez* v. *Corte*, 65 D.P.R. 351.

parte son enteramente factibles, son creídos por la corte y se ajustan o pueden ajustarse a la realidad, tal doctrina no es de aplicación.(5)

■ Atribuye el demandado a la corte inferior pasión, prejuicio y parcialidad, así como manifiesto error en la apreciación de la prueba. La cuestión ha sido ya discutida y resuelta por nosotros al referirnos a la apreciación que de la prueba en conjunto hizo la corte. Empero, como de los autos se desprende específicamente que el juez hizo ciertas manifestaciones y preguntas que posiblemente daban a entender que estaba prejuiciado, nos referiremos a éstas en seguida: En la pág. 104 de la transcripción de evidencia aparece que en momentos en que el letrado del demandante pidió que se eliminara como demandada a San Miguel & Cía., Inc., el juez manifestó: "¿De dónde va a cobrar entonces?" Y que al contestar dicho letrado: "Dejamos la demanda en cuanto a Rosario Rosario," nuevamente dijo el juez: "No voy a ser más papista que el Papa." A la pág. 115 de la transcripción aparece un incidente, después de haber nombrado la corte a Alfonso Ramos Roque como defensor del menor, en el cual uno de los abogados del demandado tomó excepción a la resolución de la corte, " . . . y muy especialmente hacemos constar nuestra objeción." El juez manifestó que lo único que el abogado podía consignar era su excepción, pero que no podía criticar la resolución de la corte. Insistió el letrado en su protesta y la corte manifestó una vez más que lo que admitía era una excepción en el récord, diciéndole más tarde al abogado "Tome excepción y arriba, en el Tribunal Supremo, puede argumentar todo lo que quiera." De los autos también se desprenden otros ligeros incidentes similares a los ya expuestos. No obstante somos de opinión que las manifestaciones de la corte no demostraban pasión,

(5)*Adams* v. *Armour & Co.*, 16 A.2d 142 (1940); *Cunningham* v. *Pennsylvania R. Co.*, 43 A.2d 825; *Mull* v. *Bothwell*, 12 A.2d 561; *Van House* v. *Acorn Steel Co.*, 53 F.Supp. 990; cf. *Navarro* v. *Compañía Azucarera "El Ejemplo"*, 53 D.P.R. 726.

prejuicio o parcialidad, sino que fueron más bien hijas del celo que todo magistrado debe tener en los asuntos que se ventilan ante él, o palabras dichas sin prejuzgar el caso en forma alguna.

El octavo error tampoco procede, ya que a nuestro juicio la corte inferior apreció la prueba acertadamente.

*No habiéndose cometido ninguno de los errores señalados se dictará sentencia confirmando la apelada.*