W. B. SULLINS *v.* FARRAGUT TIRE & BATTERY CO.

(*Knoxville.* September Term, 1921.)

EVIDENCE. Evidence of offer of compromise settlement inadmissible. In an action resulting from the negligence of an alleged agent, driver of defendant, evidence of an offer of a compromise settlement with plaintiff was inadmissible, even though offered to show that the driver was an agent as a circumstance of relationship and not for the purpose of fixing liability.

Cases cited and approved: Moon v. Mathews, 227 Pa. St., 488; Lynde v. Browning, 2 Rep. Dec.,—.

---

FROM KNOX.

---

Error to the Circuit Court of Knox County.—HON. VON A. HUFFAKER, Judge.

A. C. GRIMM and STEINMETZ & MITCHELL, for plaintiff.

MAYNARD & LEE, for defendant.

MR. SPECIAL JUSTICE L. D. SMITH delivered the opinion of the Court.

This is an action to recover damages to an antomobile of the plaintiff's, resulting from alleged negligence upon the part of an agent, or driver, of the defendant operating an automobile of the defendant and colliding with plaintiff's automobile.

The circuit judge directed a verdict in favor of the defendant, and his action has been affirmed by the court of civil appeals.

One error assigned by the plaintiff is that the court excluded from consideration testimony which showed that the defendant's attorney offered to make a compromise settlement with the plaintiff.

A material question in the case was whether or not the driver of the automobile which collided with the automobile of the plaintiff and caused the damage was an agent of the defendant and engaged in the business of the defendant. It is contended that the excluded evidence tended to show that the driver of the automobile was the defendant's agent at the time of the collision, and that it was competent to prove the effort of the defendant to compromise the claim as a circumstance of that relationship between the defendant and the driver, although not competent for the purpose of fixing liability. This contention is based largely upon the case of *Lynde* v. *Browning,* published in the reports of decisions of the court of civil appeals by Judge HIGGINS, in volume 2 thereof, wherein it is said:

"It was competent to prove the efforts of the plaintiff in error at adjustment and his declaration with reference to responsibility, for the purpose of showing the existence of the relation of master and servant. *Moon* v. *Matthews,* 227 Pa. St., 488. These matters are not to be used for the purpose of acknowledging liability, but as proofs of agency."

An examination of the opinion of the supreme court of Pennsylvania in the case of *Moon* v. *Matthews,* 227 Pa., 488, 76 Atl., 219, 29 L. R. A. (N. S.), 856, 136 Am. St. Rep., 902, referred to in the opinion of Judge HIGGINS, shows that it is not in point on the question

upon which it is cited. No such question was involved in that case. However, we find in section 348, 22 C. J., p. 314, this statement of the author of the article on Evidence:

"An offer of compromise may be admissible as relevant circumstantial evidence to prove a fact other than that of liability, such as due diligence, waiver, good faith in asserting a claim, reliance upon an alleged promise, or interest in the event of the suit"—and citation of authorities to support the same.

Among the cases cited is that of *Lynde* v. *Browning, supra.*

We are unable to give our assent to the correctness of the proposition of law stated by Judge HIGGINS in his opinion in *Lynde* v. *Browning.* The conclusions reached by the court of civil appeals in that case were approved by this court, but it does not follow therefrom that the court approved the particular doctrine contained in the foregoing extract.

The law favors the settlement of controversies out of court, and an offer of compromise is made with a view to avoid controversy and saving the expense of litigation. These reasons frequently move persons who are not legally liable to seek compromise. They are not necessarily prompted by a knowledge of liability. It is difficult to see how an offer to compromise is incompetent to show liability and yet admissible to show one of the essential facts to make a case of liability. There was no liability upon the part of the defendant unless the driver of the car was acting for the defendant as his agent and representing him, and to admit the

testimony for the purpose of showing this relationship would be to admit it for the purpose of showing liability. In a case where the question at issue is whether an offer of compromise was made, such evidence would, of course, be admissible; but where it is introduced as affording circumstantial evidence to prove a material fact entering into the question of liability, it is not admissible.

The evidence offered in this case of a proposed compromise by the defendant's attorney was properly excluded by the trial judge.

Other assignments of error were disposed of orally and involved questions not necessary to be stated in this opinion.

The action of the court of civil appeals in affirming the circuit court and dismissing the plaintiff's suit is affirmed, with costs.