JOHN WOODLAND, Respondent, *v.* JULIA T. COTE, Appellant, Impleaded with STANLEY WHEAT, Defendant.

Third Department, October 27, 1937.

*Herbert F. Hastings, Jr.* [*F. G. Mann* of counsel], for the appellant.

*J. Clarence Herlihy,* for the respondent.

McNAMEE, J. The plaintiff was injured in a collision while riding as a passenger in an automobile owned by the defendant Cote and driven by the defendant Wheat.

The defendant Cote was not present at the time of the accident, and the question was litigated whether or not her automobile was being driven at that time with her implied consent. There was

testimony that one Theodore was an intimate friend of the defendant Cote, used her car at will, had possession of it and its keys a large part of the time, paid for gas and repairs, and that he and his employees operated it in his business. There was testimony also that the defendant Cote forbade Theodore to loan the car without her permission; but that, despite the injunction, he loaned the car to one of his employees, the defendant Wheat, and delivered to him the keys, for its operation on the highway where the accident happened. We believe that there was such evidence on the question of implied consent as was sufficient to make a question of fact for a jury.

The appellant presents a second question arising on the admission of evidence. The answer puts in issue the negligence of the driver, and also the contributory negligence of the plaintiff. On the trial the witness Bertollet testified that it was his car that had been struck and damaged by the appellant's automobile in the accident in question, while the car of the witness was on the proper side of the road. This witness was allowed to testify that he had made a claim against the appellant for the damage done, and that he had been paid therefor by the appellant. Upon objection to this line of testimony, the court stated that he would exclude it as an admission " affecting in any way the conduct of this plaintiff, but as bearing on the * * * right and authority of the driver of the defendant's car to have the car at the time, I think it may be received, and also as bearing upon his negligence in the operation of the car, it might constitute an admission." To this ruling the defendant excepted. We regard this as reversible error.

It has been held that a witness who was injured in the same accident as the one in litigation on trial may be permitted to state on cross-examination that he adjusted or settled his claim against the defendant, as bearing on the interest and credibility of the witness. ( Keet v. Murrin, 235 App. Div. 882; affd., 260 N. Y. 586.) But such testimony never has been held admissible as evidence of the negligence of the owner or of the driver, or to establish the fact that the owner consented to the use of his car by another. It has been the universal practice of courts to look favorably upon the compromise or settlement of personal disagreements between litigants in civil matters, rather than seek an ultimate determination at the hands of legal tribunals. It is often found an advantage to a party, if not to his adversary as well, to compose such differences without resort to the courts. Many reasons may furnish inducements to pursue such a course, even though expense be involved. Thus a compromise or a settlement may not be regarded as evidence of consent to the use of an automobile by another, or as evidence of

negligence or of liability, or as an admission of either. And when the reception of such evidence becomes justifiable as having a bearing upon the weight of the testimony of a witness, the court should be at pains to make it clear to the jury that they must not regard such evidence as proof on the issues being tried, or on any fact in issue, or of the liability of the defendant or his agent.

The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

HILL, P. J., RHODES, CRAPSER and HEFFERNAN, JJ., concur.

HILL, P. J. (concurring). I concur in the opinion and favor a reversal upon the further ground that the inference which the jury drew that defendant Cote consented to the use of the car by Wheat is not well sustained, and the verdict was against the weight of the evidence.

RHODES, J., concurs.

Judgment and order reversed on the law and facts and new trial granted, with costs to the appellant to abide the event.