Mrs. Mary D. LEWIS, Plaintiff-Appellant,

v.

**DIXIE–PORTLAND FLOUR MILLS, INC., Defendant-Appellee,**

James NESBITT and Henry McRoberts, Defendants and Third Party Plaintiffs-Appellees,

v.

E. J. DIEFENBACH, d/b/a Dee Oil Company and E. Elwood Lewis, Third Party Defendants-Appellee.

Nos. 16323, 16324.

United States Court of Appeals
Sixth Circuit.

Feb. 9, 1966.

Joseph B. Roberts, Chattanooga, Tenn., Roberts, Weill & Ellis, Chattanooga, Tenn., of counsel, for appellant.

Paul R. Leitner, Chattanooga, Tenn., for James Nesbitt and Henry McRoberts.

Robert Kirk Walker, Chattanooga, Tenn., for Dixie-Portland Flour Mills, Inc.

Folts, Bishop, Thomas, Leitner & Mann, H. H. Gearinger, Moore, Gearinger & Swafford, F. Thornton Strang, Strang, Fletcher, Carriger & Walker, Ray H. Moseley, Noone, Moseley & Bell, Chattanooga, Tenn., on briefs, for appellees.

Before EDWARDS, Circuit Judge, McALLISTER, Senior Circuit Judge, and BROOKS, District Judge*.

EDWARDS, Circuit Judge.

Plaintiff appeals from an adverse jury verdict. She had been injured in an automobile accident in Chattanooga, Tennessee. The case was tried in that same city before the United States District Court, jurisdiction being established by diversity of citizenship.

Some of the gross facts of the accident were stipulated by the parties at pretrial as follows:

"A motor vehicle accident occurred upon October 30, 1963, at approximately 8:00 p.m., at the intersection of Eleventh and Broad Streets in Chattanooga, Hamilton County, Tennessee. Broad Street at this point contains three lanes for northbound traffic and two lanes for southbound traffic. Eleventh Street forms a 'T' intersection with Broad Street from the east and is a two-lane street with one lane for eastbound traffic and one lane for westbound traffic. Involved in the accident was a 1959 Lincoln automobile owned by Dee Oil Company and being driven by E. Elwood Lewis and occupied by the plaintiff, Mary D. Lewis. Also involved in the accident was a 1952 White tractor owned by the defendant Henry McRoberts, and being driven at the time by his employee, James Nesbitt, who was acting in the course of his employment. The trailer attached to the tractor was being leased by the defendant, Dixie-Portland Flour Mills, Inc. An electric traffic light was in operation at the intersection of Broad Street and Eleventh Street on the date of the accident and the sequence of operation of the light for traffic upon Broad Street was for green arrows to permit the movement of southbound traffic upon Broad Street to proceed south or turn left onto Eleventh Street prior to the light turning green for traffic traveling in each direction upon Broad Street. During such period of time as the green arrows were permitting southbound traffic upon Broad Street to travel south or turn left upon Eleventh Street, a red light existed for northbound traffic upon Broad Street. Immediately prior to the accident the plaintiff vehicle was traveling in a northwardly direction upon Broad Street and the defendant vehicle was traveling in a southwardly direction upon Broad Street. The accident occurred as the defendant vehicle was turning left from Broad Street into Eleventh Street."

The plaintiff was the wife of the driver of the Lincoln. She had been seated in the front seat and the impact sent her partly through the windshield, causing the injuries for which she sued.

At the time of the accident there were three couples occupying the Lincoln. They were returning from drinks and dinner at the Fairyland Club on Lookout Mountain and were driving to a concert for which they were already late. These facts, plus the statement of one of the passengers in the Lincoln that she had protested the speed of the vehicle as it came down Lookout Mountain, while hardly conclusive as to the issues in the

---

* Honorable Henry L. Brooks, Chief Judge, United States District Court for the Western District of Kentucky, sitting by designation.

case, were certainly not overlooked by counsel for the defendants.

The basic conflict in the two theories pertaining to negligence may be quickly stated. Plaintiff's theory was as stated by plaintiff's husband, the driver of the Lincoln. He testified that he was proceeding on the green light north on Broad Street when defendant's truck headed south on Broad Street cut the corner and turned left in front of him into Eleventh Street. The sequence of lights (admitted by both parties) required the truck driver to be making a left turn against a red light under this version of the facts.

The defendant's theory was as stated by defendant Nesbitt: that he stopped his truck (a large tractor-trailer rig) for a red light, waited until he had a green arrow to turn left into Eleventh Street, started promptly in low gear when he got the green arrow, and was struck by the Lincoln as his tractor neared the curb line of the east side (his left side) of Broad Street. Under his theory the Lincoln would have had to have run the red light—or at the very least have clipped it very close while defendant's truck and trailer were in plain view directly in its path.

■ Appellant contends correctly that any negligence on the part of her husband cannot be imputed to her. Knoxville Ry. & Light Co. v. Vangilder, 132 Tenn. 487, 178 S.W. 1117, L.R.A.1916A, 1111 (1915); Morgan v. Tennessee Cent. Ry. Co., 31 Tenn.App. 409, 216 S.W.2d 32 (1948).

Plaintiff-appellant's principal emphasis is upon the fact that Nesbitt admits that he cut the corner in making his left turn, and photographic exhibits make it obvious that this was so.

Appellant contends with vigor that defendant's action in cutting the corner violated a Tennessee statute, T.C.A. § 59–820, and hence was negligence *per se*. She claims that there are no facts from which the jury could have found defendant free from proximate negligence, or found her guilty of contributory negligence.

■ We believe that the undisputed facts do show that defendant Nesbitt was guilty of negligent driving. But unless the jury believed that his negligence was a real factor in producing the accident, they could properly have rendered the verdict for defendants. Proximate cause is generally a jury issue under Tennessee law, as elsewhere. Duling v. Burnett, 22 Tenn.App. 522, 124 S.W.2d 294 (1938); Western Union Telegraph Co. v. Dickson, 27 Tenn.App. 752, 173 S.W.2d 714 (1941).

■ Viewing this record from a point of view favorable to defendants (who prevailed before the jury), we feel that there were facts and inferences from which the jury could reasonably have reached the conclusion that the defendant driver was not guilty of proximate negligence. If the jury viewed the facts as showing that the driver of the Lincoln was not watching properly and ran the red light, the jury could have concluded that his negligence was the sole proximate cause of the accident and that defendant's negligence was not a proximate cause.

■ The jury could, of course, have found a verdict for defendants on the proximate cause issue alone. But we note that the submission of the issue of contributory negligence of the guest passenger appears to have been required by Tennessee case law. Knoxville Ry. & Light Co. v. Vangilder, supra; Morgan v. Tennessee Cent. Ry. Co., supra.

■ No appellate issue was raised pertaining to the Court's charge. This court (which itself raised some question about the charge) is persuaded by the supplemental briefs filed by the parties and a review of Tennessee cases that the charge contains no "clear error" and notes that in fact the charge on proximate cause appears to have been drawn from Tennessee Supreme Court language. Deming & Co. v. Merchants' Cotton-Press, etc., Co., 90 Tenn. 306, 353, 17 S. W. 89, 13 L.R.A. 518 (1891); DeRossett

v. Malone, 34 Tenn.App. 451, 475, 239 S. W.2d 366 (1950).

Appellant also cites as reversible error the refusal of the District Judge to allow appellant's counsel to inquire from another passenger in the Lincoln whether or not he had made a claim for his injuries.

Tennessee law upon this subject is by no means clear. The general rule in most jurisdictions is that compromise settlements with third parties may not be shown to prove negligence. In Hawthorne v. Eckerson Co., 77 F.2d 844 (C.A. 2, 1935), Judge Augustus N. Hand gave the rationale for the general rule:

> "Settlements have always been looked on with favor, and courts have deemed it against public policy to subject a person who has compromised a claim to the hazard of having a settlement proved in a subsequent lawsuit by another person asserting a cause of action arising out of the same transaction. Powers' Adm'r v. Wiley, 241 Ky. 645, 44 S.W.2d 591." Hawthorne v. Eckerson Co., supra, 77 F.2d at 847.

Bratt v. Western Air Lines, 169 F.2d 214 (C.A. 10, 1948), cert. denied, 335 U.S. 886, 69 S.Ct. 239, 93 L.Ed. 425 (1948); Annot., 20 A.L.R.2d 304, 306 (1951); 4 Jones, Evidence 1933 (5th ed. 1958), citing Uniform Rules of Evidence, Rule 52; 20 Am.Jur., Evidence § 565 (Supp. 1965).

The Tennessee Supreme Court to the degree that it has dealt with this problem appears to us to follow the general rule. Strong v. Stewart, 56 Tenn. 137 (1872); Sullins v. Tire & Battery Co., 144 Tenn. 491, 234 S.W. 330 (1921).

We recognize that the Tennessee Court of Appeals has admitted the payment of a claim to one passenger as an admission of liability in a negligence action by another passenger brought against a bus company. The court specifically noted that the payment admitted was not a compromise settlement. Tennessee Coach Co. v. Young, 18 Tenn.App. 592, 80 S.W.2d 107 (1934).

While the Supreme Court of Tennessee denied certiorari in *Tennessee Coach*, the mere denial of a writ of certiorari does not commit the Supreme Court of Tennessee to all the views expressed in that particular opinion of the Court of Appeals. Bryan v. Aetna Life Insurance Co., 174 Tenn. 602, 611, 130 S.E.2d 85 (1939); Lingner v. Lingner, 165 Tenn. 525, 529, 56 S.W.2d 749 (1933); Shannon v. Board of Education of Kingsport, 199 Tenn. 250, 267, 286 S.W.2d 571 (1955).

It is not clear in our instant case that the testimony sought fitted the full payment rule of *Tennessee Coach*. The nature of the witness' injuries alone would suggest that any compensatory figure would be a matter of judgment and compromise.[1]

Further, there was no effort to secure admission of this testimony as a matter of impeachment. The only argument presented to the District Judge was that such a settlement if established would be an admission of liability.

And in any event, the rule of *Tennessee Coach* seems to us to run generally counter to the logic of the Tennessee Supreme Court cases we have referred to and has clearly not been adopted by the highest court of Tennessee.

On this issue we cannot hold that the District Judge committed reversible error.

Affirmed.

---

1. At court conference the panel granted appellee's motion to strike a portion of appellant's appendix dealing with this issue, since it had never been introduced as a part of the trial record.