## CIRCUIT COURT OF FAIRFAX COUNTY

Thomson Hirst et al.

v.

Thomas Siegfried et al.

April 14, 1994

Case No. (Law) 128557

BY JUDGE GERALD BRUCE LEE

This matter is before the Court upon the Plaintiff's Motion for Protective Order and Defendants' Motion to Compel Answers to Interrogatories and Defendant's Request for Production of Documents. The Court took under advisement Plaintiff's Motion for Protective Order in order to conduct an *in camera* review of seven letters submitted by Defendants. The Defendants' claim that the seven letters are privileged from production because they contain statements made in settlement negotiations with lenders attempting to restructure a commercial real estate transaction. For the reasons which follow, the Court grants the Plaintiff's Motion for Protective Order and overrules the Defendants' Motion to Compel.

This case involves a commercial real estate transaction among the parties. The facts of this case and the various contractual relationships between these parties are not pertinent to the Court's ruling on this motion.

The motions before the Court concern two specific discovery requests and seven letters produced for *in camera* review. First, Request for Production No. Seven requests:

> All correspondence from Thomson Hirst or any corporation or partnership in which he was connected in any fashion, reflecting attempts to restructure debt obligations which reference, mention and/or describe any of the lawsuits referenced in Counts Two, Three, Four or Five of the Motion for Judgment.

Second, Request for Production No. Eight requests:

> All correspondence, memoranda or documents of any kind (excluding privileged communications with attorneys unless the Plaintiffs or either of them intend to offer any said document in evidence in this case), either to or from Thomson M. Hirst or Tigers IV which discuss, mention, reference in any fashion any of the lawsuits referenced in Counts Two, Three, Four and Five of the Motion for Judgment.

The Plaintiff filed objections and a Motion for Protective Order regarding seven letters which were written by Plaintiff to lenders in connection with restructuring the financing of a commercial real estate project, which is the subject matter of this litigation. The Plaintiff objects on the grounds that these letters contain offers to settle pending or threatened litigation and, therefore the letters are privileged. Additionally, Plaintiff contends that the letters reflect advice regarding proposed terms, conditions and other impressions of counsel.

The Court reviewed the letters *in camera* and each of the letters are written by the Plaintiff to various banks, lenders and financial groups regarding the restructuring of existing real estate financing under the threat of litigation. The letters reflect information given and strategic steps taken, on the advice of counsel, involving the restructuring of the loans and preservation of the commercial real estate project. The Court is of the opinion that the seven letters are settlement negotiations regarding threatened or pending litigation which are privileged from production in this case. The general rule is that evidence of compromise and settlement negotiations is inadmissible. *Agelasto v. Atkinson*, 229 Va. 59 (1985). Also, the exclusion of evidence of settlement compromise negotiations applies in this case to claims involving third parties. *Id.* at 65. *See Lewis v. Dixie-Portland Flour Mills, Inc.*, 356 F.2d 54, 57 (6th Cir. 1966); *Woodland v. Cote*, 252 A.D. 254, 255–56, 299 N.Y.S. 742, 743–44 (1937); *Dixie Lines v. Grannick*, 238 N.C. 552, 555–56, 78 S.E.2d 410, 413 (1953).

The Court rules that (1) the Plaintiff is not required to produce the seven letters; and (2) the financial institutions and individuals referred to in the letters are not required to produce the seven letters. The Plaintiff, financial institutions and individuals shall disclose:

(1) any statements made by the plaintiff about the project, that were *not* settlement offers, including statements about the financial condition of the Plaintiff, additional investors, proposed investors, and the financial condition of the project;

384

(2) the facts surrounding the financial institution(s), financial group(s) or individual(s) decision to restructure or extend the loans;

(3) the reasons for foreclosure of the project; and

(4) the financial applications or statements he made to these lenders about the financial condition or value of the project in connection with the proposed restructuring of this commercial real estate project not contained in the seven letters produced for *in camera* review.