OPINION OF THE COURT
Walter J. Relihan, Jr., J.
The plaintiff, a bicyclist, was injured by a vehicle being oper *834 ated by defendant Longnecker. The vehicle was owned by Lofino, Inc., an Ohio corporation. We assume that defendant, Michael Lofino, Sr., was a part owner of the corporation and speaks for the corporation. Perhaps for that reason, the corporation was not named as a party.
Defendant Lofino, Sr. allowed his son, Michael, Jr., to take the corporation’s vehicle to Cornell, where the son was enrolled as a student. While at the University, Lofino, Jr. allowed his friend and fellow student, Robert Longnecker, to use the vehicle a number of times for local trips and, at least once, for a trip to a nearby ski resort. Longnecker, at a deposition, could not recall whether he had used the vehicle as many as 10 or 20 times but conceded it was more than twice. Lofino, Sr. states, in an affidavit, that his son was strictly advised that he, and only he, had permission to drive the vehicle. Lofino, Jr. makes the same statement in his affidavit. Neither father nor son has been deposed.
Lofino, Sr. now moves to dismiss the plaintiffs claim against him on the ground that Longnecker did not have permission to operate the vehicle and, accordingly, that he is not vicariously liable for any negligence by Longnecker. Oddly, there are no New York cases directly in point.
We note, preliminarily, that the liability of an Ohio owner for the negligent operation of the vehicle, in this State, is governed by New York law (Bray v Cox, 39 AD2d 299; Himes v Stalker, 99 Misc 2d 610, 620). The law of Ohio, perhaps, governs the interpretation of the insurance contract between the corporation and its insurer. That issue, however, is not presently before us.
Section 388 of the Vehicle and Traffic Law is the controlling New York statute and provides that owners are responsible for the negligence of any person using or operating the vehicle with the permission, express or implied, of the owner. Clearly, no express permission is claimed by any party and none has been shown. Accordingly, we turn to the issue of implied permission.
The statutory presumption of permissive use is powerful, for well-known reasons of public policy (MVAIC v Continental Natl. Am. Group Co., 35 NY2d 260, 264-265), but may be rebutted by contrary evidence. Whether the owner’s rebuttal evidence is sufficient to defeat the presumption is usually a question of fact. When the evidence of the owner’s denial of permission is uncontradicted, as here, and is consistent with the inherent probabilities, there is no reason to deny conclusive *835 effect to such denials. However, where the probabilities are not wholly consonant with the owner’s denials, however uncontradicted, a more cautious evaluation of the evidence is required.
Here, the father, residing in Ohio, gave his son permission to drive the vehicle to New York, to keep it there for a period of many months, and to operate the car without the necessity for any farther clearances. On the evidence presently available, it appears that the son gave a third party permission to use the vehicle, not once but several times, including at least one trip out of the County.
The credibility of the father’s limiting instructions to the son must be weighed in the balance with all of the relevant circumstantial facts. Given the climate of the times, a jury might conclude, a parent should be held to the knowledge that so generous an entrustment, so far from home and for such a protracted period, is not reasonably susceptible to a limitation of the kind relied upon by the father. Hence, the jury might find, the entrustment to the son implied a consent that a friend might be allowed an occasional use of the car for local errands.
Leotta v Plessinger (8 NY2d 449, 461) marshals older cases and concludes: “However, even where the owner may escape liability, it is unquestionable that, unless the evidence [i.e., of the owner] has no merit whatsoever, the question of consent and authority is for the jury”. Indeed, it has long been held that even an uncontradicted denial of permission may reasonably be disregarded by a jury because of improbability, the pecuniary interest of the owner, or other weaknesses in the credibility of the owner’s protestations (St. Andrassy v Mooney, 262 NY 368, 372).
We have found only one case in which the St. Andrassy rule has been applied to facts which closely resemble the case at bar. In Woodland v Cote (252 App Div 254) the Appellate Division, Third Department, considered a case in which the owner forbade a first permittee from loaning the car to a second. However, the first permittee was “an intimate friend” of the owner and used the car at will “a large part of the time” (at 255). The denial of permission was uncontradicted but, nevertheless, the Court found sufficient circumstantial evidence to suggest the possible existence of a permission broad enough to imply that the first permittee was free to loan the car to a second.
Where contradiction is impossible, but the truthfulness or accuracy of the testimony of an interested witness is open to reasonable doubt, a question of fact is present (Piwowarski v *836 Cornwell, 273 NY 226; Woodland v Cote, supra). The powerful nature of the presumption of permission, and the circumstantial evidence of a broad and general entrustment of the vehicle to the son by the father, argue that the plaintiff should have an opportunity to test that issue, at trial and to submit the question to a jury. Any deposition desired of the father and son should be scheduled promptly.
The motion to dismiss the complaint against Lofino, Sr. is denied without prejudice to renewal upon completion of discovery. The motion by Lofino, Sr. to amend the answer, in part to assert a cross claim against the driver for indemnity and/or contribution, is granted.